OPINION OF THE COURT
Kaye, J.
A complaint founded upon alleged unlawful reproduction and sale or lease for reproduction of film transparencies and photographs, while couched as a common-law claim for unfair competition, interference with contractual relations and violation of section 368-d of the General Business Law, is essentially an action to enforce rights equivalent to rights under the Federal copyright laws (US Code, tit 17, § 106) over which, as to causes of action accruing after January 1, 1978, the State courts no longer have jurisdiction (US Code, tit 17, § 301; tit 28, § 1338). *520 Accordingly, in this action, wherein a preliminary injunction was issued prohibiting such reproduction and sale or lease of reproduction rights, the order of the Appellate Division affirming the denial of defendant’s motion to vacate the preliminary injunction must be reversed and the preliminary injunction vacated.
Plaintiffs, Editorial Photocolor Archives, Inc. (EPA) and Scaía Instituto Fotográfico Editoriale (Scala), are in the business of maintaining archives of high-quality film transparencies and photographs, and leasing or licensing them for reproduction. In 1978, EPA and Scala entered into an agreement whereby Scala granted EPA “sole and exclusive right in North America to sell, lease, or license reproduction rights to all Scala photographs and transparencies.” Defendant, The Granger Collection (Granger), competes with plaintiffs.
After it came to EPA’s attention that several pictures in two recent publications, which appeared to have been taken from Scala transparencies, were credited by the publishers to defendant and not EPA, plaintiffs in April, 1982 commenced this action by service of summons, complaint and order to show cause for a preliminary injunction. When defendant failed to appear on the return date of the order to show cause, Special Term granted plaintiffs’ motion and issued the preliminary injunction. In July, 1982 defendant moved by order to show cause to vacate the preliminary injunction. Special Term denied defendant’s motion to vacate, and by order of June 30, 1983, the Appellate Division affirmed. Because the courts below lacked subject matter jurisdiction, that order should be reversed.
While plaintiffs characterize their complaint as asserting causes of action for common-law unfair competition, interference with contractual relations, and violation of New York’s antidilution law, a review of the complaint, the preliminary injunction, and its supporting papers leaves no doubt that the rights plaintiffs have asserted are the equivalent of rights concerning use and reproduction of property protected by the Federal copyright laws.
Plaintiffs’ first cause of action, purportedly for common-law unfair competition, alleges that defendant wrongfully *521 held out to the public that it has the reproduction rights to certain Scala transparencies, wrongfully submitted such transparencies to publishers for reproduction and received reproduction fees, and wrongfully obtained credit for the pictures in those publications, all of which “constitute a willful, calculated, and unlawful appropriation of Plaintiffs’ property rights in the SCALA transparencies by Defendant Granger, which has damaged the Plaintiffs by depriving the Plaintiffs of reproduction fees and publishing credits in connection with the misappropriated SCALA transparencies”. The second cause of action, which plaintiffs contend is for wrongful interference with contractual relations, repeats the above averments and alleges that defendant’s acts “constitute an appropriation by Defendant Granger of Plaintiff EPA’s right to sell, lease, or license reproduction rights to all SCALA photographs and transparencies in North America”. The third cause of action alleges that defendant’s action “in pirating the SCALA transparencies and in wrongfully selling the reproduction rights thereto is in violation of Section 368-d of the New York General Business Law”. In an affidavit in connection with the preliminary injunction, plaintiffs’ counsel stated that “[T]he gravamen of the complaint in this action is based on Plaintiffs’ discovery that Defendant Granger has been wrongfully selling reproduction rights to Scala transparencies to various publications, has wrongfully been retaining licensing fees in connection with said Scala transparencies, and has been wrongfully claiming credits to said SCALA transparencies in said publications.” Finally, the preliminary injunction itself enjoined defendant “from in any manner appropriating, reproducing, leasing, licensing, selling, displaying, or otherwise using the * * * transparencies * * * created by and/or for SCALA” and “from holding out the Defendant and its film library as owner of the reproduction rights to the transparencies created by and/or for SCALA.”
Those rights asserted in plaintiffs’ complaint and sought to be protected by the preliminary injunction are equivalent to the exclusive rights of use and reproduction given by the copyright laws. The transparencies and photographs at issue are within the subject matter of copyright (US *522 Code, tit 17, § 102, subd [a], par [5]) and the exclusive rights to display, reproduce, distribute, sell, rent or license such transparencies are within the general scope of copyright protection (US Code, tit 17, § 106, subds [1], [3], [5]).
Under these circumstances, Special Term had no jurisdiction to entertain plaintiffs’ action or to grant preliminary injunctive relief. The Copyright Act of 1976 (Pub L 94-553) worked a fundamental change in this Nation’s copyright laws. After the effective date of that act, all legal and equitable rights equivalent to copyrights are governed exclusively by that act. States may not, by statute or common law, provide equivalent rights, and State courts are divested of jurisdiction to consider claims to enforce those rights. Section 301 of the Copyright Act (US Code, tit 17, § 301) provides in pertinent part:
“§ 301. Preemption with respect to other laws
“(a) On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by * * * sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.
“(b) Nothing in this title annuls or limits any rights or remedies under the common law or statutes of any State with respect to —
“(1) subject matter that does not come within the subject matter of copyright as specified by sections 102 and 103, including works of authorship not fixed in any tangible medium of expression; or
“(2) any cause of action arising from undertakings commenced before January 1, 1978; or
“(3) activities violating legal or equitable rights that are not equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106.” *523 Under the Judicial Code (US Code, tit 28, § 1338, subd [a]) the United States District Courts are granted jurisdiction “exclusive of the courts of the states in * * * copyright cases.” The courts of this State are, of course, bound by these provisions (US Const, art VI, § 2).
While subdivision (b) of section 301 of the Copyright Act provides for exceptions to the exclusivity of the Federal Copyright Act, nothing in plaintiffs’ claim falls within those provisions. It is not disputed that the transparencies and photographs at issue are within the subject matter of copyright, and that plaintiffs’ cause of action accrued after January 1, 1978. Furthermore, as shown above, it cannot be said that plaintiffs’ claims relate to rights that are not equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106. Plaintiffs could not, by miscasting their causes of action, secure the equivalent of copyright protection under guise of State law.
Here no basis for a claim of wrongful interference with contractual relations was shown. There are no averments that would give rise to a cause of action for violation of the antidilution provisions of section 368-d of the General Business Law. Plaintiffs’ only claims for “unfair competition” relate to defendant’s violation of plaintiffs’ alleged reproduction rights in the transparencies. That plaintiffs have chosen to enforce such rights to reproduce, display, sell, lease or license for reproduction, the transparencies in the form of causes of action for unfair competition, interference with contractual relations, or violation of section 368-d of the General Business Law (which may require additional elements not necessary to secure copyright protection) does not make the underlying rights sought to be enforced any less equivalent to copyright, or remove plaintiffs’ claims from the Federal pre-emptive scheme.
The fact that the preliminary injunction was issued, in effect upon defendant’s default, is of no consequence. A judgment or order issued without subject matter jurisdiction is void, and that defect may be raised at any time and may not be waived. (Lacks v Lacks, 41 NY2d 71, 75.)
Accordingly, the order of the Appellate Division should be reversed, with costs, and the preliminary injunction vacated.
*524 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur.
Order reversed, with costs, and preliminary, injunction vacated. Question certified answered in the negative.