■ EASTDIL REALTY, INC., et al., Appellants, v JAMES J. GALLAGHER, Respondent.—Order of the Supreme Court, New York County (Martin Stecher, J.), entered November 18, 1988, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211, unanimously affirmed, without costs.

The complaint seeks substantial damages and additional punitive damages based on defendant's alleged breach of his fiduciary duties to the plaintiffs as their chief investment officer and manager.

Plaintiffs are a real estate investment banking firm, which is parent to the coplaintiff corporation, formed to serve as a registered investment advisor to corporate pension funds under the Employee Retirement Income Security Act of 1974 (ERISA).

It is contended that the defendant violated provisions of that law. The IAS court properly held that any such claim under State law is preempted by ERISA (29 USC § 1144 [a]; see, Pilot Life Ins. Co. v Dedeaux, 481 US 41; Metropolitan Life Ins. Co. v Taylor, 481 US 58). The court, however, went on to state that the prohibited transactions occurred either in 1983 or prior thereto and, therefore, the complaint would be time barred under the applicable three-year limitation (29 USC § 1113 [a]).

In affirming, we note that once the determination was made that only the Federal courts have subject matter jurisdiction over ERISA private causes of action, no further finding should have been made (see, Editorial Photocolor Archives v Granger Collection, 61 NY2d 517), and so, the dictum regarding the Statute of Limitations was superfluous. Concur—Kupferman, J. P., Sullivan, Ross, Asch and Wallach, JJ.