172

[743 NYS2d 565]

In the Matter of Regina Seltzer, Respondent, v New York State Democratic Committee et al., Appellants.

Second Department, June 10, 2002

**APPEARANCES OF COUNSEL**

*Paul, Weiss, Rifkind, Wharton & Garrison,* New York City (*Gerard E. Harper* of counsel), for appellants.

*Gilbride, Tusa, Last & Spellane LLC,* New York City (*Eric H. Seltzer* of counsel), for respondent.

*Eliot Spitzer, Attorney General,* New York City (*Michael S. Belohlavek* and *Sachin S. Pandya* of counsel), in his statutory capacity under Executive Law § 71.

### OPINION OF THE COURT

Per Curiam.

On this appeal we are called upon to determine whether Election Law § 2-126 is preempted by the Federal Election Campaign Act (2 USC § 431 *et seq.* [hereinafter FECA]). For the reasons that follow, we hold that it is.

The petitioner, Regina Seltzer, was a candidate for the nomination of the Democratic Party for the office of the United States Representative from the First Congressional District of New York. Seltzer's opponent in the primary election, which took place on September 12, 2000, was the incumbent, Michael Forbes. During the primary campaign, the New York State Democratic Committee paid for advertisements that described Representative Forbes as a leader in the fight to prevent breast cancer on Long Island.

On July 10, 2000, Seltzer commenced this proceeding pursuant to Election Law article 16 in the Supreme Court, Suffolk County, inter alia, to enjoin the New York State Democratic Committee, its Chairperson, Judith Hope, and its Treasurer, David Alpert (hereinafter collectively referred to as the Democratic Committee), from any future expenditure of party funds on behalf of Forbes during the primary campaign. The petition sought to compel the Democratic Committee to comply with Election Law § 2-126, which, in relevant part, prohibits a party committee from spending party funds "in aid of the designation or nomination of any person to be voted for at a primary election * * * as a candidate for nomination for public office."

The Democratic Committee immediately removed the proceeding to the United States District Court for the Eastern District of New York on the ground that Election Law § 2-126 was preempted by FECA (2 USC § 431 *et seq.*), which governs contributions and expenditures in elections for federal office and permits a political committee to make contributions to federal candidates in a primary or general election. By order dated August 18, 2000, the District Court remitted the proceeding to the Supreme Court, Suffolk County, on the ground that

FECA did not preempt the state statute and, in any event, the federal court did not have subject matter jurisdiction (*Seltzer v New York State Democratic Comm.*, US Dist, ED NY, Aug. 18, 2000, Seybert, J.).

By judgment dated August 29, 2000, the Supreme Court, Suffolk County, granted Seltzer's petition to the extent of enjoining any further expenditures of party funds in aid of Forbes' primary election campaign. On September 29, 2000, the Federal Election Commission (hereinafter the FEC) issued an advisory opinion which was contrary to the District Court's decision, and concluded that FECA preempted Election Law § 2-126 in a primary election for a federal office.

At the outset, we find that the mootness doctrine does not preclude appellate review because the legal issues presented in this case are substantial and novel, are likely to be repeated, and will typically evade review because of the limited duration of the election process (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715; *Matter of Richards v Board of Educ. of Vestal Cent. School Dist.*, 83 AD2d 191; *Matter of Haub v Inspectors of Election in 12th Election Dist. of 37th Assembly Dist. of State of N.Y.*, 126 Misc 2d 458).

Next, we find that the District Court's initial ruling on the preemption issue does not constitute controlling authority. Although this Court is bound by the United States Supreme Court's interpretations of federal statutes and the federal constitution, it is not necessarily bound by the decisions of intermediate and lower federal courts (*see People v Kin Kan*, 78 NY2d 54, 59; *Flanagan v Prudential-Bache Sec.*, 67 NY2d 500, 506; *Alvez v American Export Lines*, 46 NY2d 634, 638-639, *affd* 446 US 274).

Similarly, this Court is not bound by the doctrine of the law of the case, which is not so inflexible as to preclude the correction of a ruling based on new evidence or a change in the law if the error sought to be corrected is so "plain * * * [that it] would require [the] court to grant a reargument of a cause" (*Foley v Roche*, 86 AD2d 887, 887, quoting *Eaton v Alger*, 47 NY 345, 348). Here, the District Court and the Supreme Court, Suffolk County, did not have the benefit of the FEC advisory opinion, which was issued after their respective decisions. Based on the legislative history of FECA, the broad language of FECA's preemption clause (2 USC § 453), the FEC regulations (11 CFR 108.7), and several cases which have interpreted FECA's preemptive effect on similar state statutes, the FEC concluded that FECA preempted Election Law § 2-126 in a pri-

mary election for a federal office. Although the FEC's advisory opinions are not binding on the courts, the FEC's interpretation of FECA is entitled to great deference and should be upheld if it is not unreasonable or irrational (*see Teper v Miller,* 82 F3d 989, 997; *Matter of Rodriguez v Perales,* 86 NY2d 361, 367).

Based on our review of the statutory scheme, we agree with the FEC that Election Law § 2-126 falls within the preemptive scope of FECA, which regulates "the conduct and financing of campaigns for Federal elective office" (*Matter of Holtzman v Oliensis,* 91 NY2d 488, 495). Accordingly, Seltzer's remedy was to file a complaint with the FEC, which has the exclusive power to initiate civil actions to enforce FECA (*see* 2 USC § 437d [e]; § 437g). Inasmuch as Seltzer failed to follow that procedure, the present proceeding must be dismissed. In light of our determination to dismiss the proceeding, it is not necessary to address the Democratic Committee's remaining contentions that the challenged advertisements did not fall within the purview of Election Law § 2-126 or that Election Law § 2-126 violates the First Amendment of the United States Constitution by restricting a political party's right to participate in a primary election.

Accordingly, the judgment is reversed insofar as appealed from, on the law, the petition is denied, and the proceeding is dismissed.

Altman, J.P., Feuerstein, O'Brien and H. Miller, JJ., concur.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the petition is denied, and the proceeding is dismissed.