■ In the Matter of METROPOLITAN TRANSPORTATION AUTHORITY, Respondent. (Proceeding No. 1.) In the Matter of NEW YORK & ATLANTIC RAILWAY, Petitioner, and SOUTHEAST PRODUCE, LTD., Appellant, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents. (Proceeding No. 2.) [823 NYS2d 88]—

In an eminent domain proceeding, inter alia, to condemn and extinguish a railroad access easement benefitting real property designated as Section 14, Block 2602, Lots 20, 30, and 35 on the Tax Map of the County of Queens, and a related hybrid CPLR article 78 proceeding/declaratory judgment action, inter alia, to review a determination of the New York City Transit Authority that the proposed condemnation was de minimis pursuant to Eminent Domain Procedure Law article 2, and a determination by the Metropolitan Transportation Authority dated July 1, 2002, issuing a negative declaration under the State Environmental Quality Review Act, or in the alternative, for a declaration that the condemnation proceeding is preempted by federal law, Southeast Produce, Ltd., appeals from a judgment of the Supreme Court, Queens County (Rios, J.), dated September 1, 2004, which granted the petition and ancillary relief in the condemnation proceeding, and dismissed the hybrid CPLR article 78 proceeding/declaratory judgment action.

Ordered that the judgment is reversed, on the law, with costs, the petition in the condemnation proceeding is denied and that proceeding is dismissed, the petition/complaint in the hybrid CPLR article 78 proceeding/declaratory judgment action is reinstated, and that petition/complaint is granted to the extent that it is declared that the condemnation proceeding is preempted by the Interstate Commerce Commission Termination Act of 1995 (49 USC § 10101 et seq.).

The New York City Transit Authority (hereinafter the

NYCTA) purchased two parcels of industrially-zoned real property in Maspeth, Queens, intending to construct a bus depot and maintenance facility thereon. The parcels are traversed by railroad tracks which connect to a freight rail trunk line owned by the Long Island Rail Road (hereinafter the LIRR). At the time of the NYCTA's purchase, the parcels were burdened by a railroad access easement, which permitted certain adjacent and nearby property owners to make use of the tracks in order to transport freight to the LIRR's trunk line. It appears that New York & Atlantic Railway (hereinafter NYAR) is a rail carrier authorized to conduct freight operations over the subject track.

The Metropolitan Transportation Authority (hereinafter the MTA), acting on behalf of the NYCTA, commenced a proceeding pursuant to Eminent Domain Procedure Law § 402 in order to acquire the easement by condemnation, and thereafter extinguish it, effectively resulting in the forced relinquishment of the tracks and the discontinuance of any possible rail service over them. NYAR and Southeast Produce, Ltd., a tenant of one of the lots benefitted by the easement, then commenced a hybrid CPLR article 78 proceeding/declaratory judgment action, inter alia, to review determinations by the NYCTA and the MTA, respectively, that the proposed condemnation was de minimis and did not require a public hearing, and that the preparation of an environmental impact statement in connection with the proposed bus depot was unnecessary, or for a declaration that the proposed condemnation was preempted by federal law. The Supreme Court granted the petition in the condemnation proceeding, and dismissed the hybrid CPLR article 78 proceeding/declaratory judgment action. We reverse and declare that the proposed condemnation is preempted by federal law.

Where a state law proceeding is preempted by federal law, the courts of this state lack subject matter jurisdiction over that proceeding (*see Editorial Photocolor Archives v Granger Collection,* 61 NY2d 517, 522-523 [1984]; *Matter of Seltzer v New York State Democratic Comm.,* 293 AD2d 172, 174-175 [2002]; *Monfort v Larson,* 257 AD2d 261, 263-264 [1999]; *Eastdil Realty v Gallagher,* 152 AD2d 478 [1989]; *see also Morrison v Budget Rent A Car Sys.,* 230 AD2d 253, 259 [1997]). The lack of subject matter jurisdiction "may be [raised] at any stage of the action, and the court may, ex mero motu, at any time, when its attention is called to the facts, refuse to proceed further and dismiss the action" (*Robinson v Oceanic Steam Nav. Co.,* 112 NY 315, 324 [1889]; *see Editorial Photocolor Archives v Granger Collection, supra* at 523; *Lacks v Lacks,* 41 NY2d 71, 75 [1976]; *Matter of Hassig v Nicandri,* 2 AD3d 1118, 1119 [2003]). "If . . . a

court lacks subject matter jurisdiction, the parties may not confer it on the court . . . and it may not be created by laches or estoppel . . . 'A judgment or order issued without subject matter jurisdiction is void, and that defect may be raised at any time and may not be waived' (*Editorial Photocolor Archives v Granger Collection,* 61 NY2d 517, 523)" (*Morrison v Budget Rent A Car Sys., supra* at 260 [citations omitted]).

While the issues of federal preemption and lack of subject matter jurisdiction were raised and argued before the Supreme Court in this case, the court did not specifically address those issues in its judgment. Moreover, the appellant failed to present those issues in its appellate brief, and the parties did not discuss the issues on this appeal until invited to do so at the oral argument of this matter. Nevertheless, the question of subject matter jurisdiction is of such a fundamental nature that we are compelled to consider those issues on this appeal (*see Berger v Temple Beth-El of Great Neck,* 303 AD2d 346, 347-348 [2003]). Upon such consideration, we conclude that the MTA's condemnation proceeding is preempted.

The Interstate Commerce Commission Termination Act of 1995 (49 USC § 10101 *et seq.*) (hereinafter the ICCTA) was enacted to deregulate the railroad industry by significantly reducing state and local regulatory authority over railroads and granting the United States Surface Transportation Board (hereinafter the STB) exclusive jurisdiction over most railroad matters (*see Green Mtn. R.R. Corp. v Vermont,* 404 F3d 638, 645 [2005], *cert denied* 546 US —, 126 S Ct 547 [2005]; *Maynard v CSX Transp., Inc.,* 360 F Supp 2d 836, 839 [2004]; *Flynn v Burlington N. Santa Fe Corp.,* 98 F Supp 2d 1186, 1188 [2000]). Accordingly, the general jurisdictional provision of the ICCTA recites, in relevant part, that "[t]he jurisdiction of the [STB] over . . . (2) the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities, even if the tracks are located, or intended to be located, entirely in one State, is exclusive" (49 USC § 10501 [b] [2]). The statute further provides for the express preemption of other laws: "[e]xcept as otherwise provided in this part, the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law" (49 USC § 10501 [b]). It has been observed that "the plain language of Section 10501 reflects clear congressional intent to preempt state and local regulation of integral rail facilities" (*Green Mtn. R.R. Corp. v Vermont, supra* at 645 ), and "[c]ourts that have considered the ICCTA preemption clause

have found its language to be clear and broad" (*Wisconsin Cent. Ltd. v City of Marshfield,* 160 F Supp 2d 1009, 1013 [2000]; *see Pejepscot Indus. Park, Inc. v Maine Cent. R. Co.,* 215 F3d 195, 202 [2000]).

Furthermore, "condemnation is regulation," and the use of state eminent domain law to condemn portions of track constitutes the exercise of control over rail transportation (*Wisconsin Cent. Ltd. v City of Marshfield, supra; see Columbiana County Port Auth. v Boardman Twp. Park Dist.,* 154 F Supp 2d 1165, 1179 [2001]). Since, as the MTA concedes, no petition has been filed with the STB, nor has that board otherwise been consulted with regard to the proposed condemnation, the ICCTA preempts that proposed condemnation by reason of the exclusive jurisdiction over railroad matters which reposes in the STB, and the courts of our state lack subject matter jurisdiction to entertain it.

While the MTA has argued that this matter is outside the jurisdiction of the STB because it involves the "abandonment" of a spur track which is excepted from the STB's authority under 49 USC § 10906, this contention is factually and legally unavailing. Initially, questions exist with regard to whether the track at issue is a spur and, if so, whether its apparent nonuse is sufficient to result in an abandonment. Such matters are properly addressed to the STB. In any event, 49 USC § 10906 does not apply to the situation at bar. In addition to the preemption of state and local regulation of spur tracks set forth in 49 USC § 10501 (b) (2), the text of 49 USC § 10906 further provides that where a rail carrier voluntarily decides, inter alia, to abandon an auxiliary track such as a spur, the STB similarly has no authority to regulate the rail carrier's actions (*see Union Pac. R.R. Co. v Coast Packing Co.,* 236 F Supp 2d 1130, 1135 [2002]). Since the present case does not concern a voluntary abandonment of spur track by a rail carrier, but instead involves a state condemnation proceeding by the MTA to force the relinquishment of the track, 49 USC § 10906 is, by its terms, inapposite. Finally, even if that statute were to apply to this matter, 49 USC § 10906 complements rather than conflicts with the STB's exclusive jurisdiction over the abandonment of spur tracks under 49 USC § 10501 (b) (2) and, in keeping with the deregulatory purpose of the ICCTA, it does not authorize state or local regulation of spur tracks (*see United Transp. Union-Illinois Legislative Bd. v Surface Transp. Bd.,* 183 F3d 606, 612 [1999]; *Cedarapids, Inc. v Chicago, Cent. & Pac. R. Co.,* 265 F Supp 2d 1005, 1013 [2003]; *Flynn v Burlington N. Santa Fe Corp., supra* at 1189-1190; *Cities of Auburn & Kent,* 1997 WL

362017, *7, 1997 STB Lexis 143, *23 [STB docket No. 33200]). Therefore, the MTA's condemnation proceeding should have been dismissed. Miller, J.P., Mastro, Fisher and Lunn, JJ., concur.