OPINION OF THE COURT
Emily Pines, J.
*296 Ordered that this renewed motion (motion sequence No. 002) by defendant for an order pursuant to CPLR 3211 (a) (2) dismissing the second and third causes of action in the complaint for lack of subject matter jurisdiction is granted.
This is a renewed motion by defendant to dismiss the second and third causes of action of the complaint based on lack of subject matter jurisdiction. The prior motion to dismiss was denied with leave to renew by order (Pines, J.) dated September 27, 2007 based on the failure to annex a copy of the pleadings to the motion papers. Defendant has renewed the motion and annexed the pleadings.
Plaintiffs commenced this action against defendant by filing of a summons and verified complaint on May 4, 2007 and issue was joined by defendant’s service of a verified answer, affirmative defenses and counterclaims on or about July 5, 2007. The within motions to dismiss ensued. The complaint asserts three causes of action: the first cause of action seeks damages for breach of contract; the second cause of action seeks damages for conversion; and the third cause of action seeks injunctive relief.
The action arises out of an agreement between plaintiff Douglas Gordon and defendant Albums, Inc. entered into on or about January 1, 2004. Gordon, a photographer, agreed to provide certain services to Albums, a company in the business of publishing and providing catalogs to studio, wedding and portrait photographers, featuring photo albums, digital albums and related supplies. The agreement between the parties provided that Gordon would provide educational programs on behalf of Albums and would be compensated for such services. The terms of the agreement are set forth in the written document, and are the basis for the breach of contract cause of action, not at issue here. The complaint alleges that defendant breached the agreement between the parties and seeks damages in the amount of $40,833.
In the second cause of action of the complaint, plaintiffs allege that Gordon submitted photographic images to defendant for the limited purpose of producing albums, but the parties had “no written, oral, or other agreement with regard to the Defendant’s use of Gordon’s photographic images for any other purpose other than for the limited purpose of producing his albums.” (1Í 39.) Plaintiffs allege that defendant used Gordon’s photographic images “on [its] [Web site], in [its] trade show campaigns, albums, frames, signage and catalogues.” (K 40.) Plaintiffs allege defendant sold copies of Gordon’s photographic *297 images without his consent and that defendant’s Web site contained hundreds of such images. (1111 41-42.) Plaintiffs allege that such unauthorized use of the photographic images amounts to conversion as Gordon is the rightful owner of the photographs. (1111 45-46.)
The third cause of action seeks preliminary and permanent injunctive relief. Plaintiffs assert that Gordon’s photographs are protected by copyright and thus he retains “exclusive right to distribute and reproduce them.” (1Í 49.) Plaintiffs allege defendant has committed continued violations of Gordon’s copyright, including using the photographic images on its Web site and in its catalogue, has caused irreparable harm to Gordon’s reputation and diluted the value of his products. (1Í1Í 59-63.) Thus, plaintiffs seek preliminary and permanent injunctive relief, enjoining defendant from the continued unauthorized use of Gordon’s photographic images.
Defendant moves to dismiss the second and third causes of action of the complaint based on lack of subject matter jurisdiction. Defendant argues that the cause of action for conversion must be dismissed because it is preempted by the Federal Copyright Act (17 USC § 301). That section provides in relevant part that a state law is preempted when it creates
“legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103” (17 USC § 301 [a]).
Defendant relies on Harper & Row Pubis. Inc. v Nations Enters. (501 F Supp 848 [SD NY 1980]), wherein the court set forth the two-pronged test for preemption: (1) the nature of the work in question must come within the subject matter of copyright as defined in sections 102 and 103 of the Copyright Act; and (2) the rights granted under state law must be “equivalent to any of the exclusive rights within the general scope of copyright as specified by Section 106 (of the Copyright Act).” (Harper & Row at 850.)
In Harper & Row (supra), plaintiffs brought a claim for conversion arising out of defendants’ alleged conduct in obtaining a copy of an unpublished manuscript of the memoirs of former President Ford. The court dismissed the conversion claim, holding that plaintiffs were seeking to “vindicate rights which *298 are equivalent to the rights protected under the copyright laws, i.e., the exclusive right to reproduce and distribute a copyrightable work” (id. at 852). Thus, the court found that the conversion claim was preempted.
Defendant herein argues that Harper & Row is similar to the case at bar. First, defendant asserts that the nature of the works in counts two and three of the complaint clearly are within the subject matter of copyright as defined in sections 102 and 103 of the Copyright Act and, in fact, plaintiffs plead in the complaint that the photographs are subject to copyright protection. Second, defendant argues, as in Harper & Row, the gravamen of counts two and three is that defendant has reproduced and distributed Gordon’s photographs without plaintiffs’ permission. Citing section 106 of the Copyright Act, defendant argues that the owner of a copyright has the exclusive right to reproduce and distribute a copyrighted work, and, thus, the claims for conversion and injunctive relief fall within the parameters of this section and are preempted.
In opposition to the motion, plaintiffs argue that the court has subject matter jurisdiction over their claims for conversion and injunctive relief. Plaintiffs cite 17 USC § 301 (b) (3), which provides that “[n]othing in this title annuls or limits any rights or remedies under the common law or statutes of any State with respect to . . . activities violating legal or equitable rights that are not equivalent to any of the exclusive rights within the general scope of copyright . . . .” Plaintiffs argue that this circuit applies an “extra element” test to determine whether the state law claims are indeed qualitatively different, as set forth in Computer Assoc. Intl., Inc. v Altai, Inc. (982 F2d 693 [2d Cir 1992]). That is, if “an ‘extra element’ is required instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state-created cause of action, then the right does not lie within the general scope of copyright, and there is no preemption.” (Id. at 716 [internal quotation marks omitted].)
Here, plaintiffs argue there is an “extra element” that changes the nature of the action and also distinguishes the case from Harper & Row, cited by defendant. Plaintiffs assert that the essence of their conversion claim is defendant’s unauthorized use, distribution, reproduction and possession of Gordon’s photographs to the exclusion of plaintiffs. Plaintiffs argue that the element of possession, i.e., defendant’s unauthorized dominion and control to the complete exclusion of plaintiffs, *299 establishes the conversion of the photographic images as a tort, qualitatively different from the acts proscribed by the Copyright Act. Thus, plaintiffs urge that counts two and three of the complaint sounding in conversion and injunctive relief are not preempted.
In reply, defendant argues that the plain language of the allegations of counts two and three demonstrate that plaintiffs are asserting claims equivalent to exclusive rights within the general scope of copyright and are preempted. Defendant asserts that the essence of plaintiffs’ counts two and three is that defendant reproduced, displayed and distributed copies of Gordon’s photographs without plaintiffs’ authorization. Moreover, defendant reiterates that plaintiffs have pleaded that defendant violated their exclusive rights under section 106 of the Copyright Act and any attempts to minimize their own pleading must fail. Defendant argues that there is no “extra element” to the conversion claim; rather the issue is simply whether defendant violated plaintiffs’ exclusive rights under the Copyright Act. Defendant points out that despite plaintiffs’ arguments in opposition to the motion to dismiss, the complaint itself does not plead that defendant exercised dominion and control over the photographs. Additionally, defendant argues that it has not exercised dominion and control over the photographs to the exclusion of plaintiffs and plaintiffs do not seek possession of the photographs. Rather, they seek to vindicate rights which are equivalent to rights protected under the copyright laws, and, thus, counts two and three of the complaint are preempted and must be dismissed because this court lacks subject matter jurisdiction over copyright claims under 28 USC § 1338 (a).
The court agrees with defendant that counts two and three of the complaint sounding in conversion and injunctive relief, respectively, are preempted and this court lacks subject matter jurisdiction over those claims. Count two of the complaint alleges that defendant produced and sold albums containing Gordon’s photographs without his authorization (It 41); included hundreds of Gordon’s photographic images on its Web site (It 43); and included hundreds of photographic images in its catalogues (It 44). Plaintiffs allege these actions amount to conversion. In count three, plaintiffs allege that the photographs are protected by copyright and plaintiffs retain the exclusive right to distribute and reproduce them (11 49). Plaintiffs further allege that the continued infringement of the copyright by defendant, despite a demand to cease and desist from using the images (1i 56), entitles them to injunctive relief. (If 65.)
*300 Plaintiffs’ protestations to the contrary, the cause of action for conversion does not contain the “extra element” required to spare it from preemption under 17 USC § 301. Section 106 of the Copyright Act grants an owner of a copyright the exclusive right to reproduce and distribute a copyrighted work. As set forth by defendant, Harper & Row (supra) is analogous to the case at bar. In that case, the court dismissed the plaintiff’s claim for conversion of an unpublished manuscript, finding that it sought to vindicate rights protected by the Copyright Act. Moreover, the Court of Appeals has similarly dismissed claims for unfair competition and interference with contractual relations on the ground that such claims were essentially actions to enforce rights equivalent to those under the copyright laws. Editorial Photocolor Archives v Granger Collection (61 NY2d 517 [1984]) involved the reproduction of film transparencies and photographs. Plaintiffs sued defendant for unfair competition, interference with contractual relations and violation of antidilution laws, alleging it had reproduced certain of its photographs in its publication and credited defendant. Upon defendant’s default, the Supreme Court granted a preliminary injunction and denied defendant’s motion to vacate and the Appellate Division affirmed (94 AD2d 347). The Court of Appeals reversed and vacated the preliminary injunction, finding that the rights sought to be protected by the common-law causes of action and the preliminary injunction were equivalent to the rights of use and reproduction in the copyright laws.
Likewise, here, plaintiffs’ claims for conversion, the second cause of action of the complaint, seeks to vindicate plaintiffs’ rights in the distribution and reproduction of the photographic images, rights clearly within the ambit of section 106 of the Copyright Act. The complaint does not set forth any elements of possession or the exercise of dominion and control as alleged by counsel. Thus, the rights sought to be protected by the second cause of action of the complaint are equivalent to the exclusive rights of section 106 of the Copyright Act and must be dismissed.*
Similarly, the third cause of action of the complaint seeking injunctive relief also fails. In the third cause of action, plaintiffs *301 rely on the fact that defendant is continuously using their copyrighted photographs and photographic images without authorization as a basis for injunctive relief. Clearly, based on the analysis above, such claim must also fail and the third cause of action is dismissed. (Editorial Photocolor Archives, supra.)
Based on the foregoing, defendant’s motion to dismiss counts two and three of the complaint is granted in its entirety.

 See also Ippolito v Ono-Lennon, 139 Misc 2d 230 (Sup Ct, NY County 1988) (The court dismissed a cause of action sounding in conversion, holding that the claim was not for conversion of a physical object, but rather property rights in a copyrighted work, and that such rights are clearly “equivalent” to those set forth in section 106 of the Copyright Act).