OPINION OF THE COURT
Richard F. Braun, J.
This is a combined declaratory judgment action and CPLR article 78 proceeding challenging the constitutionality of the proposal by defendant/respondent the New York State Legislative Task Force on Demographic Research and Reapportionment (known as LATFOR) to add a 63rd New York State Senate seat to the 62 now in existence under State Law § 123. Defendant/respondent LATFOR was created to assist the Legislature in performing its redistricting function (see Legislative Law § 83-m [1], [3], [5]). Defendants/respondents Senator Michael F. Nozzolio (Nozzolio) and Assemblyman John J. McEneny (Mc-Eneny) are co-chairs of LATFOR. Plaintiff/petitioner Martin Malavé Dilan was appointed thereto by the State Senate Minority Conference. The other plaintiffs/petitioners are residents of various counties in New York State.
A count of the number of residents of each state is taken every 10 years, pursuant to US Constitution, article I, § 2 (3). Pursuant to article III, § 4 of the New York State Constitution, after each decennial census, a formula must be applied to adjust for county population changes in order to determine the number of members of the State Senate.
Defendants/respondents Nozzolio and McEneny moved to dismiss this action/proceeding contending that the court lacks *379 subject matter jurisdiction because there is no present case or controversy.[1] Defendants/respondents Nozzolio and McEneny note that LATFOR’s redistricting proposal lacks any legal force and effect. An increase in the size of the State Senate will only occur if and when the Legislature enacts the LATFOR proposal and the Governor signs it into law, which may very well not occur. Further, defendants/respondents Nozzolio and McEneny contend that, at a minimum, the article 78 claim should be dismissed, as CPLR article 78 provides for review of final administrative action, not proposed legislative action.
Plaintiffs/petitioners counter that there is a present controversy over which the court should exercise its discretion to grant declaratory relief under CPLR 3001. Plaintiffs/petitioners argue that LATFOR has finally determined that adding a 63rd State Senate seat is constitutionally required, and, if plaintiffs/ petitioners must await final enactment of a law, or if a federal court, in the event of a legislative impasse, is called upon to draw State Senate district lines, there would be inadequate time to mount a constitutional challenge to a 63rd State Senate seat before the board of elections must prepare for primaries this year. Moreover, plaintiffs/petitioners argue that, even if the LATFOR proposal itself is not adopted by the Legislature and the Governor, and the task of drawing district lines falls to the federal court, the federal court may not have jurisdiction to rule on the purely state constitutional law questions as to the number of State Senate seats required.
CPLR 3211 (a) (2) provides the proper vehicle to seek dismissal of a nonripe controversy, because the requirement of justiciability under CPLR 3001[2] implicates the subject matter jurisdiction of the court (see Matter of New York State Inspection, Sec. & Law Enforcement Empls., Dist. Council 82, AFSCME, AFL-CIO v Cuomo, 64 NY2d 233, 241 n 3 [1984]). As the Court of Appeals has made clear in New York Pub. Interest Research Group v Carey (42 NY2d 527, 529-531 [1977] [internal quotation marks and citations omitted]):
“It is fundamental that the function of the courts is to determine controversies between litigants . . .
*380 They do not give advisory opinions. The giving of such opinions is not the exercise of the judicial function. This is not merely a question of judicial prudence or restraint; it is a constitutional command defining the proper role of the courts under a common-law system. . . .
“Thus it is settled that the courts will not entertain a declaratory judgment action when any decree that the court might issue will become effective only upon the occurrence of a future event that may or may not come to pass. . . . The same principle applies when a party challenges a statute which has not become effective. [Ujntil the statute or ordinance is passed, a declaratory judgment would be premature.”
The controversy in this action/proceeding is simply not ripe for this court’s review. At this point, a 63-seat State Senate is merely a recommendation (Legislative Law § 83-m [5]) that may not be enacted by the Legislature or signed into law by the Governor, and thus the matter is not justiciable (see Cuomo v Long Is. Light. Co., 71 NY2d 349, 354 [1988]; American Ins. Assn. v Chu, 64 NY2d 379, 386 [1985]; New York Pub. Interest Research Group v Carey, 42 NY2d 527, 531 [1977], supra). LATFOR’s proposal obviously does not fall within the limited exception regarding ballot propositions as to the bar on judicial review of proposed legislation. (Id.)
Contrary to plaintiffs’/petitioners’ position, there is no authority for this court to issue an advisory opinion because time constraints may make it difficult to obtain a timely disposition from a court if and when the issue becomes ripe. Moreover, the fact that a state court determination of these issues could help inform the redistricting process[3] does not provide a basis for this court to issue an advisory opinion on LATFOR’s proposed redistricting scheme (see Cuomo v Long Is. Light. Co., 71 NY2d 349, 356 [1988], supra).
The second cause of action for relief under CPLR article 78 must be dismissed. LATFOR’s recommendation is not a final act (see Matter of Gordon v Rush, 100 NY2d 236, 242 [2003]).
*381 Accordingly, the motion was granted by this court’s separate decision and order, dated March 8, 2012, to the extent of dismissing this action/proceeding.[4]

. Only defendants/respondents Nozzolio and McEneny have appeared and moved in this action/proceeding, and counsel for McEneny failed to attend oral argument on the return date of the motion.

. CPLR 3001 provides in pertinent part: “The supreme court may render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of the parties to a justiciable controversy whether or not further relief is or could be claimed.”

. Indeed, the three-judge federal court in Favors v Cuomo (US Diet Ct, ED NY, 11 Civ 5632), already empaneled pursuant to 28 USC § 2284 (b) to deal with the current congressional redistricting impasse, may be required to map New York State Senate and Assembly districts as well, and the federal court will undoubtedly endeavor to do so in conformity with both state and federal constitutional mandates.

. The fact that defendant/respondent LATFOR has not appeared or moved, and that the attorney for defendant/respondent McEneny defaulted in appearing for oral argument, would not allow the claims to continue against them. The fact that the claims are not justiciable, which goes to the subject matter jurisdiction of the court, requires dismissal of the claims regardless of whether those parties have extant motions to dismiss (see Editorial Photocolor Archives v Granger Collection, 61 NY2d 517, 523 [1984]; cf. Matter of Anderberg v New York State Dept. of Envtl. Conservation, 141 Misc 2d 594, 598-599 [Sup Ct, Albany County 1988] [where an article 78 proceeding was dismissed because the relief sought thereunder was premature, a motion for a default judgment against a respondent was denied because the issues in the proceeding were not properly before the court]).