The City of New York Human Resources Administration, Respondent, 
against
James Hewitt, Appellant. 




James S. Hewitt, appellant pro se.
Corporation counsel of the City of New York (Jamison Davies, Zachary W. Carter and Deborah A. Brenner of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Adam Silvera, J.), dated October 27, 2016. The order denied defendant's motion to dismiss the complaint.




ORDERED that the order is reversed, without costs, and defendant's motion to dismiss the complaint is granted.
In this action, which the summons describes as being based on a "Consumer Credit Transaction," plaintiff, The City of New York Human Resources Administration, seeks to recover the principal sum of $15,190.87 for funds plaintiff allegedly provided to, or for the benefit of, defendant pursuant to the Medical Assistance Program (Medicaid) from March 16, 2012 to June 3, 2014. Plaintiff claims that defendant resided outside New York State during that time and, as a result, was not entitled to those Medicaid benefits. In his answer, defendant, who appeared pro se, denied liability and also submitted numerous documents in support of his contentions both that he was a resident of Brooklyn, New York, and that plaintiff had failed to follow prescribed procedures before commencing this action. 
Defendant thereafter moved to dismiss the complaint. In support of his motion, defendant submitted, among other things, documents intended to establish that he had resided in [*2]Brooklyn, New York, during the period in issue; plaintiff's March 5, 2015 notice of intent to discontinue defendant's Medicaid benefits, effective immediately, based on defendant's alleged residence in another state; and a decision dated May 7, 2015, made by an administrative law judge of the State of New York Department of Health (DOH) following a fair hearing that was held pursuant to Social Services Law § 22 and 18 NYCRR 358. The decision found that plaintiff's notice of intent had been inadequate to comply with the governing regulation, 18 NYCRR 358-2.23, because it had not been mailed at least 10 days prior to the effective date of the proposed action, directed plaintiff to restore defendant's Medicaid benefits retroactively to the date of discontinuance, and further directed that, in the event that plaintiff "determine[d] to implement its previously contemplated action," it provide defendant with a notice that was compliant with 18 NYCRR 358-2.2 and also notify defendant promptly in writing as to the documentation it required with respect to his residency. 
In opposition to defendant's motion, plaintiff's counsel asserted that, in September 2014, plaintiff's Bureau of Fraud Investigation (BFI) had notified defendant that it was conducting an investigation concerning defendant's eligibility for Medicaid; that defendant had appeared for an interview on October 23, 2014; that BFI had provided defendant with a claim detail report listing the amounts and dates of each charge for which plaintiff sought reimbursement; and that, in the course of its investigation, plaintiff had revised its claim against defendant downward based on a shorter period of ineligibility for Medicaid. Plaintiff's counsel stated that, at trial, plaintiff intended to prove that defendant had resided in New Jersey during a period of time when he had received Medicaid benefits from plaintiff, and further claimed, incorrectly, that the fair hearing which had been resolved by the May 7, 2015 decision after fair hearing had concerned "defendant's request to be placed on the Medicaid Savings Plan," rather than the discontinuance of benefits based on defendant's alleged residence outside New York.
The Civil Court denied defendant's motion, upon a finding that the May 7, 2015 decision after fair hearing had not addressed the issue of residency. It further concluded that the documents defendant had provided in support of his claim of residency, while potentially relevant at trial, were inadequate to establish defendant's entitlement to dismissal of the complaint.
"Medicaid is a federal plan established pursuant to the Social Security Act and administered by the states for the purpose of providing medical assistance to qualifying persons" (Staten Is. Univ. Hosp. v Quintero, 63 Misc 3d 58, 60 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Plaintiff premises its cause of action for the recoupment of Medicaid benefits on defendant's purported ineligibility for such benefits due to his alleged residence outside New York State for a particular period of time. 
Social Services Law § 106-b, which defines "overpayment" as including "payments made to ineligible persons," mandates that social services agencies, such as plaintiff, take "all necessary steps" to correct overpayments to aid recipients, but that they do so "in accordance with the regulations of the department," and specifies that the implementing procedures set forth [*3]in the regulations "shall be designed to minimize adverse impact on the recipient, and to the extent possible avoid undue hardship." Those regulations govern, among other things, the right of persons from whom a payment is sought to notice of the agency's claim and his or her right to a hearing, the types of information which may be presented at the hearing, the scheduling and adjournment of a hearing, the hearing procedure, and the hearing record and decision (see generally 18 NYCRR 519). 
Medicaid benefits must be "determined in the first instance through administrative, not judicial, review" (New York City Health & Hosps. Corp., Harlem Hosp. v Hilton, 136 Misc 2d 143, 145 [App Term, 1st Dept [1987], affd 145 AD2d 302 [1988]). Furthermore, the failure to follow mandated administrative procedures prior to the commencement of a plenary lawsuit implicates the subject matter jurisdiction of the court (cf. Indemini v Beth Israel Med. Ctr., 4 NY3d 63 [2005]; Ancrum v St. Barnabas Hosp., 301 AD2d 474, 474-475 [2003]; Cave v East Meadow Union Free School Dist., 514 F3d 240, 245 [2d Cir 2008]). "A judgment or order issued without subject matter jurisdiction is void" (Editorial Photocolor Archives v Granger Collection, 61 NY2d 517, 523 [1984]). 
Defendant's motion sought, in part, dismissal on the merits, based on documentary evidence allegedly establishing his residency in New York State. Because defendant had previously answered the complaint, to the extent that his motion to dismiss was made pursuant to CPLR 3211 (a) (1), it was barred (see Hendrickson v Philbor Motors, Inc., 102 AD3d 251, 257 [2012] [a post-answer motion to dismiss pursuant to CPLR 3211 (a) (1) is untimely]). However, in his motion defendant also cited the documentary evidence he had submitted in support of his contention that plaintiff was precluded from bringing this action by reason of its failure to follow prescribed administrative procedures. In this circumstance, we deem that branch of defendant's motion to have been made pursuant to CPLR 3211 (a) (2), based on the court's lack of subject matter jurisdiction, which motion may be made at any time (see CPLR 3211 [e]; see also Editorial Photocolor Archives v Granger Collection, 61 NY2d at 523), and thus to have been proper despite defendant's earlier submission of an answer. 
Notwithstanding plaintiff's designation of the present action as a "consumer credit transaction," plaintiff impermissibly seeks to circumvent the mandatory hurdle of administrative procedures in order to enforce its claim to an ostensible overpayment in the Civil Court. The documentary evidence defendant submitted in support of his motion, which plaintiff failed to refute, establishes that, after plaintiff's initial effort to discontinue defendant's Medicaid benefits based on defendant's alleged residency outside New York was reversed by an administrative law judge due to plaintiff's faulty notice to defendant, instead of proceeding through prescribed administrative channels as directed by the administrative law judge, plaintiff sought to obtain a money judgment against defendant for overpayment of Medicaid benefits, based on the same residency claim. While the current action seeks the recovery of an alleged Medicaid overpayment, rather than the termination of benefits, the underlying factual claim is identical to the claim that the DOH administrative law judge dismissed on procedural grounds. As the recovery of overpayments is the subject of regulations that have been issued pursuant to Social [*4]Services Law §§ 22 and 106-b, plaintiff was required, but failed, to follow the procedures set forth in those regulations in seeking a recovery against defendant prior to seeking a remedy in court.
We reach no other issue.
Accordingly, the order is reversed and defendant's motion to dismiss the complaint is granted.
WESTON, J.P., ALIOTTA and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 7, 2020