Klingsberg v Council of Sch. Supervisors & Adm'rs-Local 1 (2020 NY Slip Op 02083)





Klingsberg v Council of Sch. Supervisors & Adm'rs-Local 1


2020 NY Slip Op 02083


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
ANGELA G. IANNACCI, JJ.


2017-05478
 (Index No. 703477/16)

[*1]Joan Klingsberg, appellant, 
v
Council of School Supervisors and Administrators-Local 1: American Foundation of School Administrators, AFL-CIO, defendant, Charity Guerra, respondent.


Joel J. Ziegler, PLLC, Smithtown, NY, for appellant.
Babchik & Young, LLP, White Plains, NY (Melissa C. Cartaya of counsel), for respondent.
Meyer, Suozzi, English & Klein, P.C., New York, NY (Hanan B. Kolko and Megann K. McManus of counsel), for defendant.



DECISION & ORDER
In an action to recover damages for legal malpractice and violation of Judiciary Law § 487, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered February 3, 2017. The order granted the motion of the defendant Charity Guerra pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her.
ORDERED that the order is affirmed, with costs to the respondent payable by the appellant.
In 2013, the plaintiff, a tenured principal at a school in Queens, and employed by nonparty New York City Department of Education (hereinafter the DOE), was removed by the DOE from its payroll upon being charged with multiple financial improprieties. Thereafter, disciplinary proceedings were commenced against the plaintiff pursuant to Education Law § 3020-a. The plaintiff was a member of the defendant union, Council of School Supervisors and Administrators-Local 1: American Federation of School Administrators, AFL-CIO, sued herein as Council of School
Supervisors and Administrators-Local 1: American Foundation of School Administrators, AFL-CIO, (hereinafter the CSA), which had an obligation under a collective bargaining agreement to provide her with representation at those proceedings. In accordance with this obligation, the CSA assigned the defendant Charity Guerra, one of its staff attorneys, to represent the plaintiff throughout the proceedings. Guerra represented the plaintiff until it was made known by the end of the proceedings that Guerra sought a position with the DOE. Although the CSA offered to provide the plaintiff with a new attorney, the plaintiff declined the offer, and decided to represent herself in the remaining portion of the proceedings, including the filing of a closing brief. The arbitrator who presided over the proceedings upheld the DOE's decision to terminate the plaintiff's employment. However, the DOE Chancellor overturned the arbitrator's determination and instead imposed a six-month suspension without pay, after which the plaintiff was returned to a non-administrative teaching position with back pay. Thereafter, the DOE and the plaintiff entered into a settlement agreement [*2]and release (hereinafter the release) in which the plaintiff received lump sum payments totaling $200,000 and a reversion to the position of teacher. The release also included a provision in which the plaintiff agreed, inter alia, to release and discharge the "CSA, its successors or assigns, and all present or former officials, employees, representatives, or agents of the CSA . . . from all charges, complaints, claims, liabilities, or causes of action . . . that the [plaintiff] has or may have against any of the Released Parties."
In March 2016, the plaintiff commenced this action against Guerra, among others, asserting causes of action sounding in legal malpractice and violation of Judiciary Law § 487, alleging that Guerra's solicitation of and eventual acceptance of employment with the DOE created a conflict of interest that led to an unfavorable result in the disciplinary proceedings. Guerra then moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her, contending, inter alia, that the action as against her was preempted by federal law and barred by the release. The Supreme Court agreed with Guerra and granted Guerra's motion. The plaintiff appeals. We affirm.
Pursuant to CPLR 3211(a)(2), a party may move to dismiss a cause of action on the ground that the court lacks subject matter jurisdiction as the cause of action is preempted by federal law (see generally Sharabani v Simon Prop. Group, Inc., 96 AD3d 24, 27). Here, we agree with the Supreme Court's determination that the complaint insofar as asserted against Guerra is preempted by section 301 of the Federal Labor Management Relations Act, and that attorneys such as Guerra who perform services for and on behalf of a union may not be held liable in malpractice to individual grievants such as the plaintiff where the services performed constitute part of the collective bargaining process (see Mamorella v Derkasch, 276 AD2d 152, 155-157; see also Cherry v Koehler & Isaacs LLP, 96 AD3d 507; Waterman v Transport Workers' Union Local 100, 176 F3d 150 [2d Cir], citing Atkinson v Sinclair Refining Co., 370 US 238, 246-248).
The parties' remaining contentions either need not be reached in light of our determination or are not properly before this Court.
Accordingly, we agree with the Supreme Court's determination to grant Guerra's motion to dismiss the complaint insofar as asserted against her.
RIVERA, J.P., BALKIN, LEVENTHAL and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court