Astro Ready Mix, LLC v MTA Long Is. R.R. (2023 NY Slip Op 03324)

Astro Ready Mix, LLC v MTA Long Is. R.R.

2023 NY Slip Op 03324

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.

2020-04444
 (Index No. 625521/18)

[*1]Astro Ready Mix, LLC, et al., appellants,
v
MTA Long Island Railroad, et al., respondents.

Scott Lockwood, Deer Park, NY, for appellants.
Paige Graves, Jamaica, NY (Brian K. Saltz of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for negligence, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (William G. Ford, J.), dated May 6, 2020. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint for lack of subject matter jurisdiction.
ORDERED that the order is affirmed, with costs.
Pursuant to an agreement between the plaintiff Giaquinto Brothers, LLC, and nonparty New York & Atlantic Railway Company, the plaintiffs used a side railroad track which connected with a main rail line operated by the defendants. The plaintiffs alleged that they were unable to obtain materials for their business because of certain work on the main line undertaken by the defendants between November 2017 and March 2018, which an unidentified party allegedly told the plaintiffs would take approximately four weeks to complete.
The plaintiffs commenced this action to recover damages for negligence. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint, arguing, inter alia, that the United States Surface Transportation Board (hereinafter the STB) had exclusive jurisdiction over the plaintiffs' claims under the Interstate Commerce Commission Termination Act of 1995 (49 USC § 10101 et seq.; hereinafter the ICCTA). The plaintiffs opposed the motion. The Supreme Court granted the motion, determining that it lacked subject matter jurisdiction. The plaintiffs appeal.
Where a cause of action is preempted by federal law, a party may move pursuant to CPLR 3211(a)(2) to dismiss the cause of action on the ground that the court lacks subject matter jurisdiction (see Klingsberg v Council of Sch. Supervisors & Adm'rs-Local 1: Am. Found. of Sch. Adm'rs, AFL-CIO, 181 AD3d 949, 950; Sharabani v Simon Prop. Group, Inc., 96 AD3d 24, 27). "Federal preemption of state laws generally can occur in three ways: 'where Congress has expressly preempted state law, where Congress has legislated so comprehensively that federal law occupies an entire field of regulation and leaves no room for state law, or where federal law conflicts with state law'" (Sharabani v Simon Prop. Group, Inc., 96 AD3d at 28, quoting Wachovia Bank, N.A. v Burke, 414 F3d 305, 313 [2d Cir]).
The ICCTA"was enacted to deregulate the railroad industry by significantly reducing state and local regulatory authority over railroads and granting the [STB] exclusive jurisdiction over most railroad matters" (Matter of Metropolitan Transp. Auth., 32 AD3d 943, 945; see Vermont Ry., Inc. v Town of Shelburne, 918 F3d 82, 88 [2d Cir]). The ICCTA provides, in relevant part, that the [*2]STB has exclusive jurisdiction over "transportation by rail carriers, and the remedies provided" in the ICCTA "with respect to rates, classifications, rules (including car service, interchange, and other operating rules), practices, routes, services, and facilities of such carriers," and "the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities" (49 USC § 10501[b]). The ICCTA further provides that "the remedies provided under [the ICCTA] with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law" (id.). However, "'not all state and local regulations are preempted by the [ICCTA]; local bodies retain certain police powers'" insofar as they "'protect public health and safety, are settled and defined, can be obeyed with reasonable certainty, entail no extended or open-ended delays, and can be approved (or rejected) without the exercise of discretion on subjective questions'" (Vermont Ry., Inc. v Town of Shelburne, 918 F3d at 88, quoting Green Mtn. R.R. Corp. v Vermont, 404 F3d 638, 643 [2d Cir]).
Here, the Supreme Court properly determined that the plaintiffs' claims are preempted by the ICCTA (see CSX Transp., Inc. v Easterwood, 507 US 658, 676; Elam v Kansas City Southern Ry. Co., 635 F3d 796, 801-802 [5th Cir]; Pejepscot Indus. Park, Inc. v Maine Cent. R.R. Co., 297 F Supp 2d 326, 333 [D Me]; South Dakota ex rel. South Dakota R.R. Auth. v Burlington Northern & Santa Fe Ry. Co., 280 F Supp 2d 919, 934 [D SD]; cf. Pinelawn Cemetery v Coastal Distrib., LLC, 74 AD3d 938, 941; Matter of Metropolitan Transp. Auth., 32 AD3d at 946-947). "[A]wards of damages in these circumstances may serve to impermissibly regulate rail transportation" (Pejepscot Indus. Park, Inc. v Maine Cent. R.R. Co., 297 F Supp 2d at 333).
Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint for lack of subject matter jurisdiction .
DUFFY, J.P., CHAMBERS, MALTESE and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court