■ LYNN FOX, Respondent, v WIENER LACES, INC., Appellant.—Order, Supreme Court, New York County, entered September 5, 1979, which granted the plaintiff's motion for a preliminary injunction, unanimously reversed, on the law, without costs, and the motion for a preliminary injunction is denied. Plaintiff seeks to enjoin defendant's use of certain embroidery designs created by her, contending that defendant has breached a contract between them. She does not seek, on this record, to assert a claim against defendant based upon infringement of any right of property secured to her by copyright. In essence and analogous to the rationale expressed by Justice Cardozo in *Underhill v Schenck* (238 NY 7), plaintiff asserts that the origin of her claim is not in a right of property, but in a contract or relation. Accordingly, plaintiff may maintain her claim in State court and is not restricted to Federal jurisdiction, even regarding injunctive relief (cf. Copyright Act of 1976, US Code, tit 17, § 101 *et seq.*, esp § 301, subd [a]). However, scrutiny of the record, apart from the Federal pre-emption issue, discloses that plaintiff has failed to demonstrate a clear legal right to an injunction. In the absence of a showing of irreparable injury, including a showing that money damages would not be an adequate remedy, and a reasonable probability of success ultimately in the action, an injunction *pendente lite* may not be issued on plaintiff's behalf. Of course, the denial of injunctive relief on this record is without prejudice to plaintiff's seeking to vindicate any claim she may have for copyright infringement in the Federal court or to vindicating her present claim asserted in this State action. Concur—Sullivan, Lupiano, Silverman and Bloom, JJ.

Kupferman, J. P., concurs in a separate memorandum as follows: I concur in the determination that the State court has jurisdiction, and that there is no basis for the granting of a preliminary injunction. The plaintiff is engaged in the commercial art field and submitted a large number of design sketches to the defendant. The defendant is in the business of producing embroidery and laces and selling them to manufacturers of garments. The plaintiff submitted, and the defendant received, the sketches through an employee salesman of the defendant. The plaintiff expected to be compensated for any sketches used (*Pillois v Billingsley,* 179 F2d 205). Some were used. The defendant believed it was compensating the plaintiff by increased commissions and a large severance payment made to the salesman. However, the plaintiff was not consulted by the defendant with respect to these payments, and there is no indication in the record that she actually received any benefits therefrom. Because the matter involves simply a situation of implied contract (see Solinger, Idea-Piracy Claims—or Advertiser, Beware!, 1953 Copyright Problems Analyzed, pp 122, 129) and all the plaintiff sought was compensation, there is no reason for an injunction. This case does raise an interesting question, possibly of first impression, and certainly yet to be conclusively determined, as to Federal pre-emption under the new Copyright Act of 1976 (US Code, tit 17, § 101 *et seq.).* Common-law copyright preserved

by the Copyright Act of 1909 (see former US Code, tit 17, § 2) has been expressly pre-empted on and after January 1, 1978, for: "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103". (US Code, tit 17, § 301, subd [a].) Section 106 of the United States Code in its listing does not, for example, cover prints and labels. It is possible that in the defendant's usage the plaintiff's work might be considered in that class. (See Kupferman, Copyright Protection for Commercial Prints and Labels, 33 So Cal L Rev 163, 169.) In any event, the last Senate and House bills prior to conference, which resulted in the Copyright Act of 1976, specifically excluded, among others, breaches of contract, breaches of trust, conversion and misappropriation. (See Henn, Copyright Primer, Practising Law Institute [1979], p 32.) However, the act itself does not specify, but simply talks in terms of equivalent and nonequivalent rights, with the former being pre-empted and the latter not. (US Code, tit 17, § 301, subd [b].) Until such time as the concept of "pre-emption" in the area of "misappropriation" has been defined by judicial interpretation, it cannot be said that the State court does not have jurisdiction in a matter such as this. (See Henn; Cassandra Considers Copyright, 25 Bull Copr Soc, pp 453, 456, item 602, Aug., 1978; Mentlik, End to Common Law Copyright, 23 Copyright Law Symposium [ASCAP, 1977], pp 115, 126.)