■ Davis & Davis et al., Respondents, v S&T World Products et al., Appellants.—In an action, *inter alia,* to recover damages for breach of an alleged oral licensing agreement, the defendants appeal from so much of an order of the Supreme Court, Queens County (Graci, J.), dated January 4, 1988, as denied those branches of their motion which were to dismiss the first and third causes of action, or, in the alternative, for summary judgment dismissing those causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The individual plaintiffs, who are designers of graphic art, claim that they had entered into a licensing agreement with the defendants pursuant to which the defendants were permitted to reproduce certain of the plaintiffs' designs on shirts in return for a payment to the plaintiffs of a 4% commission on wholesale sales of the designed shirts. When the defendants failed to respond to their demand for payment of the commissions they alleged were due them, the plaintiffs commenced the instant action.

The defendants moved to dismiss the complaint, alleging, among other things, that the action was barred by the Statute of Frauds and that the complaint failed to state a cause of action, and alternatively moved for summary judgment in their favor. Among the various contentions raised by them upon the motion, the defendants maintained that they had purchased the designs, but argued that, in any event, an oral agreement such as that asserted by the plaintiffs would be barred by the Statute of Frauds because it was incapable of being performed within one year (see, General Obligations Law § 5-701 [a] [1]). It was also asserted by the defendants that the complaint should be dismissed because the subject matter of the action was preempted by Federal copyright law (see, 17 USC § 301) and that the plaintiffs had not properly alleged a claim for an accounting.

Construing the pleadings in a light most favorable to the plaintiffs (see, Cohn v Lionel Corp., 21 NY2d 559, 562; see also, CPLR 3026), we find that the plaintiffs have sufficiently stated a claim for an accounting, having averred facts which may support a finding that a relationship of trust between the parties was created (see, Penato v George, 52 AD2d 939). Furthermore, insofar as the plaintiffs have alleged a breach of a licensing agreement, going beyond merely averring unauthorized use of copyrightable material, we find that the plaintiffs' first cause of action is not preempted by Federal copyright law (see, Brignoli v Balch Hardy & Scheinman, 645 F Supp 1201, 1205-1206; see also, Meyers v Waverly Fabrics, 65 NY2d 75, 78).

We also find that the plaintiffs' assertion that the defendants had the right to terminate the agreement at will is one which, if proved, would take the alleged agreement outside the Statute of Frauds (see, North Shore Bottling Co. v Schmidt & Sons, 22 NY2d 171).

Since the defendants deny the existence of any licensing agreement whatsoever and the plaintiffs maintain that the parties had an oral agreement and that it was terminable by the defendants at will, issues of material fact, including questions of credibility, have been raised, requiring the denial of the application for summary judgment (see, Capelin Assocs. v Globe Mfg. Corp., 34 NY2d 338, 341; Cohen v Herbal Concepts, 100 AD2d 175, 182, affd 63 NY2d 379; see also, Frame v Mack Markowitz, Inc., 125 AD2d 442, 443). Thompson, J. P., Bracken, Kunzeman and Rubin, JJ., concur.