■ GENERAL MILLS, INC., Appellant-Respondent, v FILMTEL INTERNATIONAL CORPORATION et al., Respondents-Appellants, et al., Defendants.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered March 28, 1991, which granted defendants' motion to dismiss plaintiff's second and third causes of action to the extent that they sought an accounting, unanimously modified, on the law, without costs, to provide that the defendants' motion to dismiss is denied in its entirety.

In 1959 and 1960 the defendant Producers Associates of T.V., Inc. (PAT) executed an agreement conveying to plaintiff ownership of its copyrighted cartoon series "Rocky and His Friends", later known as "The Rocky and Bullwinkle Show", starring Rocket J. Squirrel, Bullwinkle Moose, and their villain co-stars Boris and Natasha. "Ownership" was defined as the "exclusive right in perpetuity to all exhibition rights (television and theatrical) in the United States, Alaska and Hawaii." All rights not granted were reserved to PAT. In 1990, plaintiff negotiated with The Comedy Channel, a cable television service of Home Box Office, to exhibit the Bullwinkle series. Defendants threatened plaintiff and The Comedy Channel with legal action on the ground that plaintiff only owned the right to distribute Bullwinkle on free broadcast television, not on cable. As a result, negotiations between

plaintiff and The Comedy Channel collapsed. Thereafter, the defendants are alleged to have licensed to a third party the right to distribute the Bullwinkle series on videocassettes.

Plaintiff's complaint seeks a declaratory judgment defining the parties' rights (first cause of action), damages and injunctive relief for interference with contractual relations (second cause of action), and an injunction and accounting for profits relating to defendants' allegedly unauthorized licensing of the Bullwinkle series on videocassettes (third cause of action).

The IAS court denied defendants' motion to dismiss the complaint on grounds of Federal preemption, finding that the causes of action were not preempted because the rights plaintiff sought to vindicate were not "equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106" (17 USC § 301 [b] [3]). Defendants have withdrawn their appeal from the IAS court's denial of the motion to dismiss the first cause of action for a declaratory judgment.

We affirm the order appealed from insofar as it denied defendants' motion to dismiss the second and third causes of action, for the reasons stated by Justice Santaella. Those claims do not arise out of rights granted under the Copyright Act, but rather arise out of contractual relations, and so are not Federally preempted. (See, *Meyers v Waverly Fabrics,* 65 NY2d 75, 78; *Fox v Wiener Laces,* 74 AD2d 549.) "[A] dispute over the terms or the enforcibility of a contract to transfer the exclusive rights comprised in a copyright is wholly a state law matter. Contract questions that depend upon common law or equitable principles belong in state court even if they involve copyrights" *(Borden v Katzman,* 881 F2d 1035, 1038; *accord, Saturday Evening Post Co. v Rumbleseat Press,* 816 F2d 1191, 1194, 1198).

We modify, however, to vacate that portion of the order appealed from which dismissed plaintiff's demand for an accounting under its third cause of action. Plaintiff concedes that its demand for an accounting under the second cause of action was a drafting error, the demand is withdrawn, and the issue is therefore academic as to that cause of action. No cases have been brought to our attention which hold that an accounting may not be sought as a remedy in State court based on a cause of action for violation of an implied contractual obligation not to interfere with or diminish a contracting party's licensing rights, even if the license involves copyright-protected materials. In the context of a claim of Federal

preemption, the Second Department has upheld a demand for an accounting for breach of a licensing agreement. *(Davis & Davis v S&T World Prods.,* 154 AD2d 330.)

The unpublished order of this Court entered herein on December 5, 1991, is hereby recalled and vacated. Concur— Carro, J. P., Wallach, Ross, Smith and Rubin, JJ.