■ JAMES M. JORDAN, Doing Business as JAMES JORDAN AS-SOCIATES and SHANNON LTD., Respondent, v JAAN AARISMAA, IV, Appellant. [665 NYS2d 973] —Casey, J. Appeal from an order of the Supreme Court (Mugglin, J.), entered October 24, 1996 in Otsego County, which, *inter alia*, denied defendant's motion to dismiss the complaint for lack of subject matter jurisdiction.

Plaintiff and defendant entered into a written agreement in December 1992 whereby defendant agreed to create and sell original works of fine art to plaintiff. The agreement provided that defendant would produce, prior to June 30, 1993, a sufficient number of such works of art from which plaintiff would select six to purchase. The purchase price for these six works was to total $16,000 to be paid in installments, the last of which was due by June 30, 1993. The agreement also provided that defendant would retain the copyright to the selected works and the parties would negotiate a subsequent agreement should they decide to reproduce and market copies of the works. Plaintiff alleges that, although he made all payments as required by the contract, defendant produced only two paintings which he refused to transfer to plaintiff.

Plaintiff commenced this action in April 1995 alleging, *inter alia*, that defendant breached their agreement when he failed to create a sufficient number of original works of fine art and refused to transfer good title to the two paintings he did create, contrary to the terms of their contract. Plaintiff also alleged that defendant received payment for reproductions and failed to deliver any of these proceeds to plaintiff or provide an accounting therefor as required by a subsequent agreement entered into by the parties. Plaintiff finally alleged a breach of the implied covenant of good faith and fair dealing.

Defendant, appearing *pro se*, answered and, in addition to denying the material allegations of the complaint, maintained that Supreme Court lacked subject matter jurisdiction due to certain copyright issues involved in the case. Defendant thereafter filed a notice of removal in the US District Court for the Northern District of New York on an alleged Federal question involving copyright laws. Upon motion by plaintiff, the matter was remanded to Supreme Court on the ground that defendant's notice of removal was improperly and untimely filed. Defendant thereafter filed a series of motions in District Court, all of which were denied.

In June 1996, alleging Federal preemption, defendant moved

to dismiss this action for lack of subject matter jurisdiction. Supreme Court denied the motion, finding that the claims asserted in plaintiff's complaint did not arise out of rights granted and protected by the Federal Copyright Act (*see,* 17 USC § 301 [a]), which confers exclusive jurisdiction upon the Federal courts for the resolution of copyright disputes. Rather, plaintiff's claims arose out of the contractual relationship of the parties. As such, the matter was not preempted by Federal law. The court also denied as moot a request by defendant for relief, pursuant to CPLR 3126 and 22 NYCRR part 130, for plaintiff's failure to respond to a Federal subpoena for the production of documents. Defendant now appeals.

Actions arising out of contractual relations rather than rights created under the Federal Copyright Act are not Federally preempted (*see, General Mills v Filmtel Intl. Corp.,* 178 AD2d 296, 297). Furthermore, "a dispute over the terms or the enforceability of a contract to transfer the exclusive rights comprised in a copyright is wholly a state law matter" (*Borden v Katzman,* 881 F2d 1035, 1038). Only legal or equitable rights which are equivalent to exclusive rights within the general scope of copyright are preempted (*see,* 17 USC § 301 [a], [b] [3]; *Meyers v Waverly Fabrics,* 65 NY2d 75, 78; *Editorial Photocolor Archives v Granger Collection,* 61 NY2d 517).

The contract claims advanced by plaintiff were based on defendant's alleged failure to produce a sufficient number of works and his further failure to transfer title of the two works he did produce in violation of the parties' agreements. We find, therefore, that plaintiff's action seeks to protect rights that arose out of the parties' contractual relationship and not out of any copyright law. As such, the claims are not preempted (*see, American Movie Classics Co. v Turner Entertainment Co.,* 922 F Supp 926, 931). While issues of copyright infringement may be involved or implicated, the contract issues raised here belong in State court as they "depend upon common law or equitable principles" (*Borden v Katzman, supra,* at 1038).

We also find that the issues that defendant seeks to raise with respect to plaintiff's failure to comply with a Federal subpoena were rendered moot by District Court's remand of this action to Supreme Court. We have reviewed defendant's remaining contentions and find them equally lacking in merit.

Cardona, P. J., White, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.