■ 23/23 COMMUNICATIONS CORP., Respondent-Appellant, v GENERAL MOTORS CORPORATION, Appellant-Respondent. [683 NYS2d 43] —Judgment, Supreme Court, New York County (Lewis Friedman, J., and a jury), entered November 14, 1997, awarding plaintiff damages of $24.05 million, plus interest, costs and disbursements, for a total of $34,526,912.05, and order, same court and Justice, entered on or about March 25, 1997, which denied defendant's motion for summary judgment insofar as it sought dismissal of the cause of action for breach of contract and granted the motion insofar as it sought dismissal of the cause of action sounding in tort, unanimously affirmed, with costs.

The jury's findings that the parties had reached an agreement on all the material terms, that the parties did not intend that a single, formal signed contract be a condition precedent to contract formation, that General Motors (GM) Executive Committee approval was not necessary for Chevrolet Division to act or was effectively given, that the credit card ultimately adopted by GM company-wide was the subject of the credit card proposed by plaintiff to Chevrolet Division, and that plaintiff's damages amounted to $24.05 million were not irrational (*see, Campbell v City of Elmira*, 84 NY2d 505, 509-510), or against the weight of the evidence.

Defendant waived the affirmative defense of the Statute of Frauds by failing to assert it either in its answer or a motion to dismiss, and indeed mentioning it only in a footnote in its eve-of-trial motion for summary judgment (*see, Con-Solid Contr. v Litwak Dev. Corp.*, 236 AD2d 437). In any event, it cannot be said that the parties' agreement had "absolutely no possibility of full performance within one year" (*Marini v D'Apolito*, 162 AD2d 391, 393), and the various writings can be pieced together to establish a single contractual relationship (*see, Fox Co. v Kaufman Org.*, 74 NY2d 136, 142-143).

The trial court's evidentiary rulings were proper, as was its charge. Concerning damages, since the jury only awarded a lump-sum damages figure and defendant never requested a special verdict with respect to damages, "any analysis of the arithmetic computations on which the lump sum figures may

have been based can be speculative only, however reasonably plausible such analysis may be made to appear" (*Hunt v Bankers & Shippers Ins. Co.*, 50 NY2d 938, 940). Similarly, the absence of a single reasonable intermediate date for the accrual of damages rendered the date of commencement of the action the appropriate time from which preverdict interest was to accrue (*see, Hanover Data Servs. v Arcata Natl. Corp.*, 115 AD2d 403, *lv denied* 68 NY2d 602). Addressing the cross-appeal, we find plaintiff's tort claims were properly dismissed as duplicative of its breach of contract claim (*see, Apfel v Prudential-Bache Sec.*, 81 NY2d 470, 478), and the trial court correctly rejected plaintiff's attempt to amend the complaint on the eve of trial to assert the quasi-contract cause of action for unjust enrichment. Concur—Ellerin, J. P., Nardelli, Wallach and Rubin, JJ.