■ Ron Hicinbothem et al., Appellants, v Natural Golf Corporation, Respondent. [697 NYS2d 760] —Mugglin, J. Appeal from an order of the Supreme Court (Torraca, J.), entered September 23, 1998 in Ulster County, which granted defendant's motion to dismiss the complaint.

Plaintiffs, an illustrator and photographer whose works come

within the general scope of the Copyright Act of 1976 (17 USC § 301), commenced this action which they characterize as a breach of contract action arising out of licensing agreements whereby defendant was authorized to use plaintiffs' works for a single or first use only. Defendant moved to dismiss the action on the ground of Federal preemption. Supreme Court granted the motion, prompting this appeal by plaintiffs.

Where a plaintiff's action seeks to protect rights that arise out of the parties' contractual relationship and not out of any copyright laws, the claims are not Federally preempted (*see, Jordan v Aarismaa*, 245 AD2d 616, 617). Here, however, plaintiffs' complaint does not allege that defendant breached any promise made in the parties' contract or infringed upon any rights created by the contract. The complaint alleges, instead, that despite the limited "first rights only" granted to defendant by the licensing agreements, defendant utilized and/or sublicensed at least some of plaintiffs' works for a second book and for display and distribution over the Internet. The rights allegedly infringed by defendant's unauthorized use of plaintiffs' works do not arise out of the parties' contractual relationship.* Rather, those rights are equivalent to the exclusive rights of use and reproduction given by the copyright law (*see, Editorial Photocolor Archives v Granger Collection*, 61 NY2d 517, 521-522). Despite the existence of a contractual relationship and plaintiffs' characterization of this action as a breach of contract action, plaintiffs' claims of unauthorized use and/or unauthorized sublicensing are preempted (*see, Meyers v Waverly Fabrics*, 65 NY2d 75, 78; *Editorial Photocolor Archives v Granger Collection, supra*, at 523).

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.

---

* Plaintiffs' brief states that the licensing agreements contain a provision whereby defendant agreed to pay an additional fee upon any use of the works beyond the "first rights only", but the complaint contains no such allegation and the agreements are not part of the record.