■ MICHAEL GRECCO et al., Respondents, v CORBIS SYGMA et al., Defendants, and CORBIS CORPORATION, Appellant. [726 NYS2d 653] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered March 5, 2001, which denied defendant Corbis Corporation's motion to dismiss the second supplemental verified complaint as against it for lack of subject matter jurisdiction and failure to state a cause of action, unanimously affirmed, with costs.

In June 1999, following termination of plaintiffs' agreement with the two Sygma defendants for the purpose of negotiating and procuring licensing agreements with third parties for plaintiffs' photographic images, defendant Corbis Corporation, acquired all of the Sygma defendants' stock. The amended supplemental complaint, served following joinder of Corbis as a party defendant alleges, *inter alia*, that despite plaintiffs' demand that the Sygma defendants return all of their images,

defendants have wrongfully retained possession of many of plaintiffs' original chromes and have continued to license plaintiffs' images without plaintiffs' authorization.

The IAS court properly rejected Corbis' argument that the court lacked subject matter jurisdiction over the causes of action pertaining to Corbis' unauthorized licensing of plaintiffs' photographic images, which claims, Corbis maintains, are preempted by the United States Copyright Act and are within the exclusive jurisdiction of the Federal courts (*see, Editorial Photocolor Archives v Granger Collection*, 61 NY2d 517).

The instant State common-law claims, which arise out of and relate back to plaintiffs' contractual relationship with the Sygma defendants, are grounded in theories of negligence, conversion, and breach of contract, and, as such, are qualitatively different from a copyright infringement claim, and therefore, are not Federally preempted (*see, Meyers v Waverly Fabrics*, 65 NY2d 75; *General Mills v Filmtel Intl. Corp.*, 178 AD2d 296). Also properly denied was that branch of Corbis' motion to dismiss for failure to state a cause of action against it, since it cannot be definitively concluded at this juncture that the causes of action are based exclusively upon conduct attributable to the Sygma defendants prior to the Corbis acquisition, particularly in light of the evidence of Corbis' post-termination dominion and control over the Sygma defendants, going beyond a mere parent-subsidiary relationship. Concur—Rosenberger, J. P., Williams, Tom, Andrias and Marlow, JJ.