■ DAVID GOLDNER et al., Respondents, v MARIO POSSILICO et al., Appellants. [776 NYS2d 818]—

In an action for an accounting and to recover damages for breach of contract, breach of fiduciary duty, unjust enrichment, and fraud, the defendants appeal from an order of the Supreme Court, Nassau County (Burke, J.), dated April 8, 2003, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion which were to dismiss the first, third, fourth, fifth, and seventh causes of action and so much of the sixth cause of action as related to a mortgage and promissory notes made in 1980, and substituting therefor provisions granting those branches of the motion and striking the plaintiffs' demand for punitive damages; as so modified, the order is affirmed, without costs or disbursements.

The defendant Willow Cliff Two, Ltd. (hereinafter Willow Cliff), was a limited partnership established in the State of Oklahoma pursuant to Oklahoma law, and its primary asset was an apartment complex located in Oklahoma City. The partnership agreement pursuant to which Willow Cliff operated recited that it was governed by Oklahoma law. The partnership agreement further provided that " Limited Partner may assign the whole or any portion of his interest in the partnership" in writing, with the consent of the general partners.

On July 12, 1974, Landco, Inc. (hereinafter Landco), a limited partner in Willow Cliff, assigned 60% of its interest to the plaintiff Financial & Real Estate Consulting Co. (hereinafter Financial) by written agreement which specified that Financial "shall have no rights as a partner other than the right to receive its share of the profits and losses and cash distributions." The assignment further provided that it "shall be governed by the laws of the State of Oklahoma." Thus, the rights and obliga-

tions of the various parties to the partnership agreement and the assignment must be determined with reference to Oklahoma law (*see Freedman v Chemical Constr. Corp.*, 43 NY2d 260, 265 n [1977 ]; *Monsanto v Electronic Data Sys. Corp.*, 141 AD2d 514, 515-516 [1988]; *Strain v Seven Hills Assoc.*, 75 AD2d 360 [1980]; *see also Matter of Allstate Ins. Co.*, 81 NY2d 219, 226-227 [1993]).

In July 1999 Financial, which is a partnership, and its partners, who are New York residents, commenced this action to recover Financial's rights to a share of payments made pursuant to a mortgage and promissory notes made in 1980 and payable in full by 1989 and the proceeds of the sale of the apartment complex in October 1993.

Pursuant to the settlement of an action in Oklahoma state court in 1980, the defendants recognized and acknowledged the assignment to Financial. There is no evidence that this assignment was effected without consent, and no one argues to the contrary. Under these circumstances, pursuant to Oklahoma law the plaintiffs have standing to sue and Landco was not a necessary party to the action (*see Finance Corp. v Modern Materials Co.*, 312 P2d 455, 458 [Okla 1957]; 54 Okla St § 167).

However, Financial lacked standing to demand an accounting from Willow Cliff or its partners. The assignment specified that Financial "shall have no rights as a partner" and pursuant to 54 Okla St § 160, it cannot be considered a substituted limited partner. Financial was not entitled to an accounting and its rights were limited to "the share of profits or other compensation by way of income, or the return of his contribution, to which [its] assignor would otherwise be entitled" (54 Okla St § 160 [c]). Accordingly, the first cause of action for an accounting should have been dismissed.

The plaintiffs' claims relating to the 1980 mortgage and promissory notes were time-barred by the six-year statute of limitations for causes of action sounding in breach of contract (*see* CPLR 202, 213; *McCarthy v Bristol Labs,* 86 AD2d 279, 283 [1982]). Accordingly, the third cause of action and so much of the sixth cause of action as relates to the mortgage and promissory notes made in 1980 should have been dismissed as time-barred.

The fourth cause of action against Willow Cliff and its general partners to recover damages for breach of fiduciary duty also should have been dismissed since there was no evidence that Willow Cliff and its general partners owed a fiduciary duty to the plaintiffs (*see Bevilacque v Ford Motor Co.*, 125 AD2d 516 [1986]; 54 Okla St § 160 [c]). Further, the fifth cause of action

against Willow Cliff and its general partners to recover damages for unjust enrichment should have been dismissed as duplicative of the second cause of action to recover damages for breach of contract (*see Bettan v Geico Gen. Ins. Co.*, 296 AD2d 469 [2002]; *Poppe Gen. Contr. v Town of Ramapo*, 280 AD2d 667 [2001]). However, the limited partners, who have not been and may not be sued for damages for breach of contract, are proper parties to this action (*see* 54 Okla St § 160) and may be sued for damages for unjust enrichment.

The seventh cause of action to recover damages for fraud arose under New York law, as the alleged misrepresentations allegedly were committed in New York by a New York resident defendant (*see Schultz v Boy Scouts of Am.*, 65 NY2d 189, 197 [1985]). This cause of action should have been dismissed since the alleged misrepresentations did not result in any loss independent of the damages allegedly incurred for breach of contract (*see Small v Lorillard Tobacco Co.*, 94 NY2d 43, 57 [1999]; *Mastropieri v Solmar Constr. Co.*, 159 AD2d 698, 700 [1990]). Further, upon dismissal of the causes of action alleging breach of fiduciary duty and fraud, the demand for punitive damages should have been stricken (*see Pearlman v Friedman Alpren & Green*, 300 AD2d 203 [2002]; *Buchwald & Assoc. v Rich*, 281 AD2d 329 [2001]).

The defendants' remaining contentions are without merit. Santucci, J.P., Altman, S. Miller and Goldstein, JJ., concur.