■ ANNE BRYANT, Respondent, v BROADCAST MUSIC, INC., et al., Defendants, and SUNBOW PRODUCTIONS, INC., Appellant. [810 NYS2d 910]—

In a consolidated action, inter alia, to recover for unpaid royalties, the defendant Sunbow Productions, Inc., appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Rockland County (O'Rourke, J.), entered December 16, 2003, as denied that branch of its motion which was for summary judgment dismissing the amended complaint insofar as asserted against it, (2) from an order of the same court entered December 24, 2003, which denied its motion pursuant to CPLR 3211 (a) (2) to dismiss the claims based upon copyright ownership for lack of subject matter jurisdiction, (3) from an order of the same court entered January 23, 2004, which (a) denied its motion, denominated as one for reconsideration and clarification, but which was, in effect, for leave to reargue that branch of its prior motion which was for summary judgment dismissing the amended complaint insofar as asserted against it and its prior motion pursuant to CPLR 3211 (a) (2) to dismiss the claims based upon copyright ownership for lack of subject matter jurisdiction, (b), in effect, upon reargument of that branch of the prior motion of the defendant Sunbow Productions, Inc., which was pursuant to CPLR 3211 (a) (5) to dismiss the amended complaint insofar as asserted against it, which previously had been granted to the extent of determining that the action was commenced in 2002 for purposes of tolling the statute of limitations, modified the prior order entered December 16, 2003, and determined that the action was commenced in 2000, and (4), as limited by its brief, from so much of an order of the same court entered May 28, 2004, as denied its motion to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (5) and for summary judgment dismissing the amended complaint insofar as asserted against it on the ground that the plaintiff's claims were barred by the statute of frauds.

Ordered that the appeal from so much of the order entered January 23, 2004, as denied the appellant's motion, denominated

as one for reconsideration and clarification, but which was, in effect, for leave to reargue the orders entered December 16, 2003 and December 24, 2003, respectively, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the orders entered December 16, 2003 and May 28, 2004, are affirmed insofar as appealed from; and it is further,

Ordered that the order entered December 24, 2003 is affirmed; and it is further,

Ordered that the order entered January 23, 2004 is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Contrary to the appellant's contention, the Supreme Court properly determined that the plaintiff's claims pertaining to the appellant's unauthorized use of the plaintiff's musical compositions were premised upon her contractual relationship with the appellant and, thus, were not preempted by the Federal Copyright Act (*see Jordan v Aarismaa*, 245 AD2d 616 [1997]; *General Mills v Filmtel Intl. Corp.*, 178 AD2d 296 [1991]).

In addition, the Supreme Court properly determined that the appellant waived the affirmative defense of the statute of frauds by failing to assert it either in its answer to the amended complaint or in a motion to dismiss the amended complaint (*see* CPLR 3018 [b]; 3211 [a] [5]; [e]; *23/23 Communications Corp. v General Motors Corp.*, 257 AD2d 367 [1999]; *Con-Solid Contr. v Litwak Dev. Corp.*, 236 AD2d 437 [1997]).

The appellant's remaining contention is without merit. Krausman, J.P., Spolzino, Lifson and Dillon, JJ., concur.