■ CHURCH OF SOUTH INDIA MALAYALAM CONGREGATION OF GREATER NEW YORK, Appellant, v BRYANT INSTALLATIONS, INC., et al., Respondents. [925 NYS2d 131]—

In an action to recover damages for breach of contract and fraud, the plaintiff appeals from an order of the Supreme Court, Nassau County (Driscoll, J.), entered February 2, 2010, which denied its motion pursuant to CPLR 3215 for leave to enter a judgment upon the defendants' failure to appear or answer the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for leave to enter a judgment against the defendant Bryant Installations, Inc., on the first cause of action alleging breach of contract and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff payable by the defendant Bryant Installations, Inc.

The plaintiff commenced this action against the defendants to recover damages for breach of contract and fraud. The plaintiff also sought punitive damages in connection with the fraud claim. After the defendants failed to appear or answer the complaint, the plaintiff moved pursuant to CPLR 3215 for leave to enter a judgment against them. In an order entered February 2, 2010, the Supreme Court denied the plaintiff's motion. We modify.

The plaintiff demonstrated its entitlement to a judgment against the defendant Bryant Installations, Inc. (hereinafter Bryant), with respect to the first cause of action alleging breach of contract. The plaintiff submitted proof of service of the summons and complaint, of the facts constituting its claim, and of

Bryant's default in answering or appearing (*see* CPLR 3215 [f]; *Okeke v Ewool,* 66 AD3d 978, 979 [2009]; *Mercury Cas. Co. v Surgical Ctr. at Milburn, LLC,* 65 AD3d 1102 [2009]; *Matone v Sycamore Realty Corp.,* 50 AD3d 978 [2008]). "There is no evidence in the record that [Bryant] made [a] timely appearance[ ] or answered the complaint" (*Okeke v Ewool,* 66 AD3d at 979). Accordingly, the Supreme Court should have granted that branch of the plaintiff's unopposed motion which was pursuant to CPLR 3215 for leave to enter a judgment against Bryant on the first cause of action to recover damages for breach of contract.

Although we agree with the Supreme Court's denial of that branch of the plaintiff's motion which was for leave to enter a default judgment against Bryant and the defendant Daniel R. Bove on the second cause of action alleging fraud and with respect to the demand for punitive damages which was based on the alleged fraud, we do so on a different ground from that relied upon by the Supreme Court. "Where a valid cause of action is not stated, the party moving for judgment is not entitled to the requested relief, even on default" (*Green v Dolphy Constr. Co.,* 187 AD2d 635, 636 [1992]; *see Cree v Cree,* 124 AD2d 538, 541 [1986]). Here, the alleged misrepresentations set forth in the fraud cause of action are not sufficiently distinct from the breach of contract cause of action to constitute a separate cause of action (*see Kestenbaum v Suroff,* 268 AD2d 560, 561 [2000]), and the alleged misrepresentations did not result in any loss independent of the damages allegedly incurred for breach of contract (*see Goldner v Possilico,* 7 AD3d 666, 669 [2004]). Accordingly, the plaintiff failed to establish its entitlement to a judgment against the defendants with respect to the second cause of action to recover damages for fraud, and its demand for punitive damages. Mastro, J.P., Dickerson, Chambers and Roman, JJ., concur. **[Prior Case History: 26 Misc 3d 1234(A), 2010 NY Slip Op 50398(U).]**