■ LIUS GROUP INTERNATIONAL ENDWELL, LLC, Appellant, v HFS INTERNATIONAL, INC., et al., Respondents. [939 NYS2d 525]—

The plaintiff entered into a contract with the defendant HFS International, Inc. (hereinafter HFS), to purchase certain commercial real property (hereinafter the premises). The plaintiff alleged that HFS and the defendant Xiangyun Zhang (hereinafter Zhang), HFS's president and sole shareholder, represented

to the plaintiff in a pre-closing structural disclosure form that Zhang was not aware that the premises were located in a flood zone or that HFS had flood insurance for the premises. After the closing, the premises flooded as a result of a rainstorm, and the plaintiff learned that the premises were located in a 100-year flood plain.

The plaintiff commenced this action against the defendants to recover damages for breach of contract and fraud, and sought to pierce the corporate veil. After the defendants failed to appear or answer the complaint, the plaintiff moved pursuant to CPLR 3215 for leave to enter a default judgment against them. The Supreme Court denied the plaintiff's motion, with leave to renew "upon a more complete factual showing." Thereafter, the Supreme Court denied the plaintiff's unopposed renewed motion for leave to enter a default judgment against the defendants and, after that, the plaintiff moved for leave to renew and reargue its renewed motion. In the order appealed from, the Supreme Court, inter alia, in effect, upon renewal and reargument, adhered to its prior determination denying the plaintiff's renewed motion.

Upon renewal and reargument, the plaintiff demonstrated its entitlement to a default judgment against HFS with respect to the third cause of action, which alleged breach of contract. The plaintiff submitted proof of service of the summons and the complaint, a factually detailed verified complaint, and an affidavit from its attorney regarding HFS's default in appearing or answering (see CPLR 3215 [f]; *Church of S. India Malayalam Congregation of Greater N.Y. v Bryant Installations, Inc.*, 85 AD3d 706 [2011]; *Triangle Props. # 2, LLC v Narang*, 73 AD3d 1030, 1032 [2010]; *Okeke v Ewool*, 66 AD3d 978, 979 [2009]; *Giovanelli v Rivera*, 23 AD3d 616 [2005]).

Since "defaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them," the plaintiff made the requisite showing to be entitled to a default judgment on the breach of contract cause of action against HFS (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]). Accordingly, the Supreme Court should have, upon renewal and reargument, vacated its prior determination denying that branch of the plaintiff's renewed motion which was for leave to enter a default judgment against HFS on the third cause of action, which was to recover damages for breach of contract, and thereupon granted that branch of the renewed motion.

We agree that the Supreme Court properly, in effect, upon renewal and reargument, adhered to its prior determination deny-

ing that branch of the plaintiff's renewed motion which was for leave to enter a default judgment against HFS on the first cause of action, which alleged fraud, but for a reason different from that articulated by the Supreme Court. "Where a valid cause of action is not stated, the party moving for judgment is not entitled to the requested relief, even on default" (*Green v Dolphy Constr. Co.*, 187 AD2d 635, 636 [1992]; *see Church of S. India Malayalam Congregation of Greater N.Y. v Bryant Installations, Inc.*, 85 AD3d 706 [2011]). Here, the alleged misrepresentation set forth in the fraud cause of action, that HFS was not aware of any flooding on or at the premises, is not sufficiently distinct from the breach of contract cause of action to constitute a separate cause of action (*see Church of S. India Malayalam Congregation of Greater N.Y. v Bryant Installations, Inc.*, 85 AD3d at 707). Not only did the fraud cause of action arise out of identical circumstances as the cause of action alleging breach of contract, but it was based upon identical allegations, and did not allege that a misrepresentation resulted in any loss independent of the damages allegedly incurred for breach of contract; indeed, the damages sought were identical (*see Havell Capital Enhanced Mun. Income Fund, L.P. v Citibank, N.A.*, 84 AD3d 588 [2011]). Accordingly, the plaintiff failed to establish its entitlement to a default judgment against HFS with respect to the first cause of action, which was to recover damages for fraud.

However, the fraud cause of action, insofar as alleged against Zhang, was not duplicative of the breach of contract cause of action. The plaintiff alleged that Zhang made misrepresentations to induce it to enter into the contract with HFS. Since Zhang was not a party to the contract, and the plaintiff sought "compensatory damages which are not recoverable for breach of contract" (*Introna v Huntington Learning Ctrs., Inc.*, 78 AD3d 896, 899 [2010]), the fraud allegations, insofar as asserted against Zhang, were not duplicative of the breach of contract allegations against that defendant (*see Selinger Enters., Inc. v Cassuto*, 50 AD3d 766, 768 [2008]). Accordingly, the Supreme Court should have, upon renewal and reargument, vacated its prior determination denying that branch of the plaintiff's renewed motion which was for leave to enter a default judgment against Zhang on the first cause of action, which alleged fraud, and thereupon granted that branch of the renewed motion.

The plaintiff's remaining contentions are without merit. Skelos, J.P., Hall, Lott and Cohen, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32653(U).]**