■ TED DOUKAS et al., Appellants, v CLAUDIO BALLARD et al., Respondents, et al., Defendants. [24 NYS3d 174]—

In an action, inter alia, to recover damages for fraud and breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated May 1, 2013, as granted those branches of the motion of the defendants Claudio Ballard, Keith DeLucia, Shephard Lane, and DataTreasury Corp. which were pursuant to CPLR 3211 (a) to dismiss the causes of action alleging fraud, breach of contract, breach of fiduciary duty, and conversion insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants Claudio Ballard, Keith DeLucia, Shephard Lane, and DataTreasury Corp. (hereinafter collectively the defendants) moved pursuant to CPLR 3211 (a) to dismiss the

complaint insofar as asserted against them, contending that all of the causes of action were time-barred, and that the causes of action alleging fraud were not pleaded with particularity and were duplicative of the causes of action alleging breach of contract. The Supreme Court, among other things, granted the motion on the ground that the causes of action alleging breach of contract, fraud, breach of fiduciary duty, and conversion were time-barred insofar as asserted against the defendants. The plaintiffs appeal. We affirm, albeit for reasons different from those stated by the Supreme Court.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (5) on statute of limitations grounds, the moving defendant must establish, prima facie, that the time in which to commence the action has expired (see *Landow v Snow Becker Krauss, P.C.*, 111 AD3d 795, 796 [2013]; *Zaborowski v Local 74, Serv. Empls. Intl. Union, AFL-CIO*, 91 AD3d 768, 768-769 [2012]). An action to recover damages for breach of contract is governed by a six-year statute of limitations period (see CPLR 213 [2]). Contrary to the plaintiffs' contention, the breach of contract causes of action accrued, at the latest, in 2000, when a certain patent application submitted by Ballard was approved. Therefore, the breach of contract causes of action, asserted against the defendants in 2011, were time-barred.

The Supreme Court, however, should have granted dismissal of the causes of action alleging fraud insofar as asserted against Ballard pursuant to CPLR 3211 (a) (7) as duplicative of the causes of action alleging breach of contract rather than on the ground that they were time-barred. Here, the alleged misrepresentations set forth in the causes of action alleging fraud against Ballard—that Ballard schemed to defraud the plaintiff Ted Doukas out of the fruits of a certain contract formed in 1995—are not sufficiently distinct from the claims that Ballard breached that contract so as to constitute separate causes of action (see *LIUS Group Intl. Endwell, LLC v HFS Intl., Inc.*, 92 AD3d 918, 920 [2012]; *Church of S. India Malayalam Congregation of Greater N.Y. v Bryant Installations, Inc.*, 85 AD3d 706, 707 [2011]). Not only did the fraud causes of action asserted against Ballard arise out of identical circumstances as the causes of action alleging breach of contract, but they were based upon identical allegations, and did not allege that a misrepresentation resulted in any loss independent of the damages allegedly incurred for breach of contract; indeed, the damages sought were identical (see *LIUS Group Intl. Endwell, LLC v HFS Intl., Inc.*, 92 AD3d at 920; *Havell Capital Enhanced Mun. Income Fund, L.P. v Citibank, N.A.*, 84 AD3d 588 [2011]; *Goldner v Possilico*, 7 AD3d 666, 669 [2004]).

Further, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging fraud insofar as asserted against DeLucia, Lane, and DataTreasury Corp., rather than as time-barred pursuant to CPLR 3211 (a) (5). A cause of action to recover damages for fraud requires allegations of: (1) a false representation of fact, (2) knowledge of the falsity, (3) intent to induce reliance, (4) justifiable reliance, and (5) damages (see *Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]; *Pace v Raisman & Assoc., Esqs., LLP*, 95 AD3d 1185 [2012]). Moreover, pursuant to CPLR 3016 (b), where a cause of action is based upon fraud or aiding and abetting fraud, the "circumstances constituting the wrong" must be "stated in detail." Here, inasmuch as the causes of action alleging fraud against DeLucia, Lane, and DataTreasury Corp. contained only bare and conclusory allegations, without any supporting detail, they failed to satisfy the requirements of CPLR 3016 (b).

The plaintiffs' remaining contentions are without merit. Leventhal, J.P., Miller, Hinds-Radix and Maltese, JJ., concur.