Pugni v Giannini (2018 NY Slip Op 05509)





Pugni v Giannini


2018 NY Slip Op 05509


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-00144
 (Index No. 56737/16)

[*1]John S. Pugni, appellant, 
v
Peter Giannini, et al., respondents.


Reisman Rubeo & McClure, LLP, Hawthorne, NY (Christopher W. McClure of counsel), for appellant.
Greenspan & Greenspan, White Plains, NY (Michael E. Greenspan of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lawrence H. Ecker, J.), dated December 6, 2016. The order granted the defendants' motion pursuant to CPLR 3211(a)(5) and (7) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In February 2007, the plaintiff loaned the sum of $100,000 to the defendants, PB & L Investors, LLC (hereinafter the LLC), and its sole member, Peter Giannini. On May 23, 2007, the plaintiff loaned an additional $10,000 to the LLC. There was no promissory note evidencing these loans.
In May 2016, the plaintiff commenced this action to recover damages for breach of contract to recover the proceeds of the loans. The first cause of action sought to recover the proceeds of the $10,000 loan. The second cause of action sought to recover the proceeds of the $100,000 loan. The plaintiff also asserted a third cause of action sounding in fraud, claiming that the defendants falsely represented that the $100,000 loan was a short-term loan with a maximum term of 12 months.
The defendants moved pursuant to CPLR 3211(a)(5) and (7) to dismiss the complaint on the grounds that the entire action was time-barred by the six-year statute of limitations, and the third cause of action, sounding in fraud, was duplicative of the second cause of action.
In opposition, the plaintiff claimed that Giannini, on numerous occasions, orally assured the plaintiff that he would be repaid, until June 2011, when Giannini claimed the LLC was bankrupt. The plaintiff produced various emails which, he claimed, constituted an acknowledgment by Giannini of the debt pursuant to General Obligations law § 17-101.
The Supreme Court, in the order appealed from, granted the defendants' motion to dismiss the complaint, finding that the first two causes of action were time-barred, and the third cause of action, sounding in fraud, was duplicative of the second cause of action.
On a motion pursuant to CPLR 3211(a)(5) to dismiss a cause of action as time-barred, the defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired, and if the defendant satisfies that burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the action was actually commenced within the applicable statute of limitations (see Stewart v GDC Tower at Greystone, 138 AD3d 729). The plaintiff contends that there are issues of fact as to whether the statute of limitations was tolled, because the defendants revived their obligation to repay the loan pursuant to General Obligations Law § 17-101, which states: "An acknowledgment or promise contained in a writing signed by the party to be charged thereby is the only competent evidence of a new or continuing contract whereby to take an action out of the operation of the provisions of limitations of time for commencing actions under the civil practice law and rules other than an action for the recovery of real property. This section does not alter the effect of a payment of principal or interest." In support of this contention, the plaintiff relies on the defendants' emails.
A "writing, in order to constitute an acknowledgment, must recognize the existing debt and must contain nothing inconsistent with an intention on the part of the debtor to pay it" (Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d 516, 520). Here, the emails in question did not acknowledge that one or both defendants owed a pre-existing debt to the plaintiff, nor did those emails express an intention by the defendants to pay the alleged debt.
The third cause of action, sounding in fraudulent inducement, was governed by the greater of two statutes of limitations, i.e., six years from the date the cause of action accrued, or two years from the time the plaintiff discovered the fraud or could have discovered the fraud using reasonable diligence (see CPLR 213[8]). The defendants established, prima facie, that the time within which to commence the action has expired, and the plaintiff failed to raise a question of fact as to whether the statute of limitations was tolled.
Further, a cause of action sounding in fraud is duplicative of a breach of contract cause of action if it is based on identical circumstances, and does not allege that the misrepresentation resulted in any loss independent of the damages allegedly incurred for breach of contract (see Doukas v Ballard, 135 AD3d 896, 897). Here, the third cause of action is based on the identical circumstances as the second cause of action, and the plaintiff does not allege in the third cause of action that the alleged misrepresentation resulted in any loss independent of the damages allegedly incurred for breach of contract (see Introna v Huntington Learning Ctrs., Inc., 78 AD3d 896, 898). In any event, general allegations that a defendant entered into a contract while lacking the intent to perform are insufficient to support a fraud cause of action (see New York Univ. v Continental Ins. Co., 87 NY2d 308, 318). Therefore, the plaintiff's cause of action, sounding in fraud, was subject to dismissal as duplicative of the second cause of action sounding in breach of contract.
The plaintiff's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination granting the defendants' motion to dismiss the complaint.
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court