Magic Circle Films Intl., LLC v Entertainment One U.S. LP (2021 NY Slip Op 06492)





Magic Circle Films Intl., LLC v Entertainment One U.S. LP


2021 NY Slip Op 06492


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


809 CA 20-01066

[*1]MAGIC CIRCLE FILMS INTERNATIONAL, LLC, PLAINTIFF-APPELLANT,
v
ENTERTAINMENT ONE U.S. LP, DEFENDANT-RESPONDENT. (APPEAL NO. 1.) 






CAMARDO LAW FIRM, P.C., AUBURN (JOSEPH A. CAMARDO, JR., OF COUNSEL), FOR PLAINTIFF-APPELLANT.
DANIEL J. AARON, P.C., NEW YORK CITY (DANIEL J. AARON OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Cayuga County (Thomas G. Leone, A.J.), entered January 28, 2020. The order, among other things, denied that part of the cross motion of plaintiff seeking leave to amend the amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action alleging that it was the owner of certain musical compositions and sound recordings, and that it sustained damages because defendant unlawfully sold or distributed those works. In appeal No. 1, plaintiff appeals from an order that, inter alia, denied that part of its cross motion seeking leave to amend the amended complaint. In appeal No. 2, plaintiff appeals from an order that, insofar as appealed from, granted defendant's motion to dismiss the amended complaint. We affirm in each appeal.
With respect to appeal No. 1, it is well settled that "[l]eave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit" (Forcucci v Board of Educ. of Hamburg Cent. Sch. Dist., 151 AD3d 1660, 1661 [4th Dept 2017] [internal quotation marks omitted]; see CPLR 3025 [b]). Contrary to plaintiff's contention, we conclude that the amendments sought by plaintiff are patently lacking in merit and, therefore, Supreme Court did not abuse its discretion in denying that part of the cross motion seeking leave to amend the amended complaint (see generally Broyles v Town of Evans, 147 AD3d 1496, 1497 [4th Dept 2017]). Plaintiff sought to add a cause of action for breach of contract, but there is no contractual relationship between plaintiff and defendant (see Arroyo v Central Islip UFSD, 173 AD3d 814, 816 [2d Dept 2019]; see generally Alloy Advisory, LLC v 503 W. 33rd St. Assoc., Inc., 195 AD3d 436, 436 [1st Dept 2021]). Plaintiff also sought to add a cause of action for money had and received, which "sounds in quasi contract and arises when, in the absence of an agreement, one party possesses money [that belongs to another and] that in equity and good conscience it ought not retain" (Sweetman v Suhr, 159 AD3d 1614, 1615 [4th Dept 2018], lv denied 31 NY3d 913 [2018] [internal quotation marks omitted]; see Lebovits v Bassman, 120 AD3d 1198, 1199 [2d Dept 2014]). Here, however, plaintiff's claim was not "materially different from a claim for copyright infringement" (Forest Park Pictures v Universal Tel. Network, Inc., 683 F3d 424, 432 [2d Cir 2012]), and the Federal Copyright Act (17 USC § 101 et seq.) "confers exclusive jurisdiction upon the [f]ederal courts for the resolution of copyright disputes" (Jordan v Aarismaa, 245 AD2d 616, 617 [3d Dept 1997]; see 17 USC § 301 [a]). We therefore conclude that plaintiff's proposed cause of action for money had and received is patently lacking in merit inasmuch as it is preempted by the Copyright Act (see Saint-Amour v Richmond Org., Inc., 388 F Supp 3d 277, 291-292 [SD NY 2019]; We Shall Overcome Found. v Richmond Org., Inc., 221 F Supp 3d 396, 411-412 [SD NY 2016]).
With respect to appeal No. 2, plaintiff contends that the court erred in granting defendant's motion, claiming that the causes of action asserted in the amended complaint are not preempted by federal copyright law. In the amended complaint, plaintiff asserted causes of action for unfair competition, unjust enrichment, and injunctive relief. We conclude that, despite plaintiff's characterizations of its causes of action, there is "no doubt that the rights plaintiff[] ha[s] asserted are the equivalent of rights concerning use and reproduction of property protected by the [f]ederal copyright laws" (Editorial Photocolor Archives v Granger Collection, 61 NY2d 517, 520 [1984]; see generally Briarpatch Ltd., L.P. v Phoenix Pictures, Inc., 373 F3d 296, 305-306 [2d Cir 2004], cert denied 544 US 949 [2005]). Although plaintiff contends that the amended complaint should not have been dismissed because "[a]ctions arising out of contractual relations rather than rights created under the Federal Copyright Act are not [f]ederally preempted" (Jordan, 245 AD2d at 617; see Bryant v Broadcast Music, Inc., 27 AD3d 683, 684 [2d Dept 2006]), that contention is without merit inasmuch as the amended complaint does not allege a contractual relationship between plaintiff and defendant. Based upon the foregoing, we conclude that the causes of action in the amended complaint are preempted, and therefore the court properly granted defendant's motion and dismissed the amended complaint (see Maurizio v Rendal, 222 AD2d 281, 281 [1st Dept 1995]).
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court