Crawford v Integrated Asset Mgt. Servs., LLC (2025 NY Slip Op 01352)

Crawford v Integrated Asset Mgt. Servs., LLC

2025 NY Slip Op 01352

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-00291
 (Index No. 512878/21)

[*1]Lyle Crawford, etc., et al., respondents, 
v
Integrated Asset Management Services, LLC, et al., appellants, et al., defendant.

Tsyngauz & Associates, P.C., New York, NY (Ryan C. Banich of counsel), for appellants.
The Law Offices of Michael P. Berkley, P.C., Garden City, NY (Sherry H. Lin of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants Integrated Asset Management Services, LLC, and Christopher Lyons appeal from an order of the Supreme Court, Kings County (Robin S. Garson, J.), dated December 8, 2022. The order, insofar as appealed from, denied those branches of those defendants' motion which were pursuant to CPLR 3211(a) to dismiss the first through seventh, tenth, twelfth, thirteenth, fifteenth, and sixteenth causes of action insofar as asserted against them and to dismiss the ninth, eleventh, and fourteenth causes of action insofar as asserted against the defendant Christopher Lyons.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants Integrated Asset Management Services, LLC, and Christopher Lyons which were pursuant to CPLR 3211(a) to dismiss the first through seventh, tenth, twelfth, thirteenth, fifteenth, and sixteenth causes of action insofar as asserted against them and to dismiss the ninth, eleventh, and fourteenth causes of action insofar as asserted against the defendant Christopher Lyons are granted.
In August 2018, the plaintiffs entered into a contract with the defendant Integrated Asset Management Services, LLC (hereinafter Integrated), for a home improvement project (hereinafter the project). As alleged, notwithstanding that the plaintiffs paid Integrated and the defendant Christopher Lyons (hereinafter together the defendants), the principal of Integrated, a total of $171,150, the defendants abandoned the project in January 2020, leaving the work mostly unfinished.
In May 2021, the plaintiffs commenced this action against the defendants and another defendant, asserting 16 causes of action, including breach of contract, conversion, and several causes of action alleging fraud. The plaintiffs seek to pierce the corporate veil and hold Lyons personally liable for certain causes of action. The defendants thereafter moved, among other things, pursuant to CPLR 3211(a)(1) and (7) to dismiss the first through seventh, tenth, twelfth, thirteenth, fifteenth, and sixteenth causes of action insofar as asserted against them and to dismiss the ninth, eleventh, and fourteenth causes of action insofar as asserted against Lyons. The Supreme Court, inter alia, denied those branches of the motion. The defendants appeal, and we reverse.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must accept the facts alleged in the pleading as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d 714, 715; see Gorbatov v Tsirelman, 155 AD3d 836, 837). Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) and the motion is not converted to one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal shall not eventuate (see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275; Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d at 715).
As an initial matter, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the twelfth cause of action insofar as asserted against them, which sought only to pierce the corporate veil in order to impose personal liability on Lyons for causes of action set forth elsewhere in the complaint. New York "does not recognize a separate cause of action to pierce the corporate veil" (DiMauro v United, LLC, 122 AD3d 568, 569; see Gaetano Dev. Corp. v Lee, 121 AD3d 838, 840).
The Supreme Court should have granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the first through third causes of action, each of which alleged fraud, and the fourth cause of action, alleging negligent misrepresentation, insofar as asserted against them on the ground that they were duplicative of the fourteenth cause of action, alleging breach of contract. None of these causes of action were sufficiently distinct from the claims that the defendants breached the home improvement contract so as to constitute separate causes of action, and the alleged misrepresentations did not result in any loss independent of the damages allegedly incurred for breach of contract (see Doukas v Ballard, 135 AD3d 896, 897; Church of S. India Malayalam Congregation of Greater N.Y. v Bryant Installations, Inc., 85 AD3d 706, 707; Havell Capital Enhanced Mun. Income Fund, L.P. v Citibank, N.A., 84 AD3d 588; see also Sound Communications, Inc. v Rack & Roll, Inc., 88 AD3d 523, 524).
The Supreme Court should have granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the fifth and sixth causes of action, alleging unjust enrichment and seeking recovery on a quasi-contract theory (see generally Citipostal, Inc. v Unistar Leasing, 283 AD2d 916, 919), insofar as asserted against them on the ground that they were duplicative of the breach of contract cause of action (see Richmond Global Compass Fund Capital Mgt. GP, LLC v Nascimento, 224 AD3d 558, 559; State of New York v Industrial Site Servs., Inc., 52 AD3d 1153, 1161). Significantly, there is no dispute as to the existence of the relevant home improvement contract (cf. Emby Hosiery Corp. v Tawil, 196 AD3d 462, 465).
Contrary to the Supreme Court's determination, that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the seventh cause of action, alleging conversion, insofar as asserted against them should have been granted because that cause of action was duplicative of the breach of contract cause of action (see Matarazzo v Herrmann, 216 AD3d 764, 765) and, in any event, the plaintiffs did not allege "legal ownership or an immediate right of possession to specifically identifiable funds and that the defendant[s] exercised an unauthorized dominion over such funds to the exclusion of the plaintiff's rights" (Selinger Enters., Inc. v Cassuto, 50 AD3d 766, 768 [internal quotation marks omitted]).
Furthermore, the Supreme Court should have granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the tenth, thirteenth, fifteenth, and sixteenth causes of action insofar as asserted against them on the ground that they were duplicative of the breach of contract cause of action (see Martin Greenfield Clothiers, Ltd. v Brooks Bros. Group, Inc., 175 AD3d 636, 637; 23/23 Communications Corp. v General Motors Corp., 257 AD2d 367, 368).
The Supreme Court should have granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the ninth, eleventh, and fourteenth causes of [*2]action insofar as asserted against Lyons in his individual capacity. "Generally, a plaintiff seeking to pierce the corporate veil must show that (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury" (Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 47 [internal quotation marks omitted]). "Factors to be considered in determining whether the owner has abused the privilege of doing business in the corporate form include whether there was a failure to adhere to corporate formalities, inadequate capitalization, commingling of assets, and use of corporate funds for personal use" (Sky-Track Tech. Co. Ltd. v HSS Dev., Inc., 167 AD3d 964, 965 [internal quotation marks omitted]). Here, the plaintiff's allegations, amplified by the documentary submissions, were insufficient to demonstrate that Lyons engaged in acts amounting to an abuse of the corporate form to perpetuate a wrong or injustice against the plaintiffs such that Lyons may be subject to liability in his individual capacity (see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141).
The parties remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., MILLER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court